[Civ. No. 26576.   Second Dist., Div. Three.   Oct. 14, 1963.]

29 PALMS VAN & STORAGE, Plaintiff and Respondent, v. LOS ANGELES METROPOLITAN TRANSIT AUTHORITY, Defendant and Appellant.

David H. Olson and Harry M. Hunt for Defendant and Appellant.

Howard W. Hunter, Gordon L. Lund, Charles A. Lynberg and Jean Wunderlich for Plaintiff and Respondent.

FILES, J.—This is an action for damages sustained by plaintiff when its furniture moving van was struck by defendant's electric railway car on July 14, 1959. ▮▮ Liability was admitted and the action was tried by a court sitting without a jury on the damages issue only. The judgment was for $3,600, from which defendant appeals.

Defendant's contentions here are that the trial court refused to make findings of fact segregating the special from the general damages, and that the evidence is insufficient to support the amount awarded.

The allegation of damages as set forth in the complaint was only that "said van and truck owned by plaintiff was broken, bent, damaged and rendered useless to plaintiff for several months, all to plaintiff's damage in the sum of $5,000.00, inclusive of damage to said van & truck."

The pretrial order is more explicit. It recites: "Plaintiff seeks property damages, loss of profits and so forth, as itemized in Exhibits 'A' and 'B' to written claim of plaintiff for damages alleged to have been filed with defendant company on January 8, 1960." The written claim itself was not attached to the pretrial order, but the "Exhibits A and B" referred to were received in evidence. They contain a list of some 37 items totaling $3,472.98.

Plaintiff's claim of damages included loss of profits and a large variety of out-of-pocket expenses, some of which were costs of repair. The fact appears to be, though the record on this is obscure, that plaintiff recovered most of its repair expenses under a $250 deductible insurance policy, and that no claim was made in this action for the amounts covered by that insurance. There was evidence that the original repair work (presumably paid for in part by insurance) did not correct all of the damage. The van later broke down and was sent back to the shop for some additional repairs to the clutch, springs and tailgate, all caused by the July 14, 1959, collision, according to plaintiff's witnesses. Plaintiff's total claim for out-of-pocket expenses, amounting to $1,542.32, included the $250 deductible on the original repair, subsequent repairs to the clutch, speedometer, heater, wiring, springs and tailgate, the compensation of truck drivers, executives and clerical employees of plaintiff, telephone tolls, traveling expenses, insurance, taxes, and a full tank of gasoline for the

van after it was repaired.

The day after the action was argued and submitted, the trial court made a minute order which said, "Judgment for the plaintiff in the sum of $3600.00. Counsel for the plaintiff to prepare findings and judgment." Thereafter counsel for plaintiff prepared and the court signed a document containing the following sentence under the heading of "Findings of Fact": "That it is true that, negligence having been admitted by the defendant, damages were suffered by the plaintiff as a proximate cause of defendant's negligence and plaintiff filed a claim for said damages with the defendant."

The conclusions of law include the following: "That the plaintiff is entitled to judgment against defendant in the sum of Three Thousand Six Hundred Dollars ($3,600.00), lawful money of the United States of America, together with his costs of suit in the amount of $........."

■ It is not disputed that the dollar amount of damages, though appearing only in the conclusions of law, may be treated as though it appears in the findings of fact. (*Howard Townsite Owners, Inc.* v. *Progressive Oil Co.*, 188 Cal.App.2d 24 [9 Cal.Rptr. 856].)

■ It is a long established rule that where both general and special damages are demanded, it is the duty of the trial court, if it finds for plaintiff, to find separately the general damages and the several categories of special damages. (*James* v. *Haley*, 212 Cal. 142 [297 P. 920]; *Aspe* v. *Pirrelli*, 204 Cal. 9 [266 P. 276]; *Klein* v. *Milne*, 198 Cal. 71, 76 [243 P. 420]; *Monaci* v. *Turner*, 37 Cal.App.2d 98 [98 P.2d 755].)

■ Although defendant did not file its request for additional findings within the five days specified in Code of Civil Procedure, section 634,* it did, prior to the entry of

---

*Code of Civil Procedure, section 634, as amended in 1959, reads: "In all cases where findings are to be made, a copy of the proposed findings shall be served upon all parties to the action and the court shall not sign any findings therein prior to the expiration of five days after such service. The court may direct a party to prepare findings.

"Within five days after such service any other party may serve and file objections, counter-findings and requests for special findings.

"If upon appeal or upon a motion under section 657 or 663 of this code it appears that the court has not made findings as to all facts necessary to support the judgment, or that the findings are ambiguous or conflicting upon a material issue of fact, the court before which such appeal or motion is pending shall not infer that the trial court found in favor of the prevailing party on such issue if it appears that the party attacking the judgment made a written request for a specific finding on

judgment, submit its written objections. Again, as a part of its motion for a new trial, defendant pointed out the deficiency and asked for more detailed findings. Defendant complained to the trial court, as it does here, that the finding is ambiguous in that it fails to disclose what part of the $3,600 award is for general damages or for loss of profits or for some other category of special damage. In view of the trial court's refusal of defendant's demand for proper findings, this appellate court will not, under the 1959 amendment of Code of Civil Procedure, section 634, draw any inference that the trial court found against defendant on one particular item of damage rather than another.

The evidence in support of much of plaintiff's claim is far from convincing. Some items were not proved at all, and as to others there is a serious question whether the expense was reasonably incurred as a proximate result of the collision. With respect to loss of earnings, the amounts given in the testimony of plaintiff's witnesses were considerably more than were shown in the original claim, and appear to have been substantially overstated. The trial judge may have found plaintiff had proved some and had failed to prove other portions of its claim, but neither the parties nor this court has any way of knowing which items make up the total named in the judgment. Thus it is impossible to determine on appeal whether the judgment rests upon items of damage which were proved by substantial evidence.

In 1959 the Legislature amended Code of Civil Procedure, section 632, by adding this sentence: "The statement of facts found shall fairly disclose the court's determination of all issues of fact in the case." This new language emphasized the Legislature's determination that a litigant should not be deprived of his right to appellate review by the adoption of findings which are so vague or ambiguous or incomplete as to conceal the factual basis of the trial court's decision.

The findings which the prevailing party drafted and the trial judge signed are a direct violation of the requirement of section 632.

The judgment is reversed with directions to the trial court to make proper findings of fact and a new judgment based upon such findings.

Shinn, P. J., and Ford, J., concurred.

such issue either prior to the entry of judgment or in conjunction with a motion under section 663 of this code."