[Civ. No. 43195. Second Dist., Div. One. Dec. 20, 1974.]

JIMMIE MARTIN et al., Plaintiffs,
Cross-defendants and Respondents, v.
ROGER R. BAKER et al., Defendants,
Cross-complainants and Appellants.

**COUNSEL**

Edward G. Gorman for Defendants, Cross-complainants and Appellants.

John N. Siciliano for Plaintiffs, Cross-defendants and Respondents.

**OPINION**

**HANSON, J.—**

### THE CASE

On March 10, 1972, Jimmie Martin and Doris G. Martin, husband and wife, plaintiffs and respondents (hereinafter referred to as the Martins), filed a complaint in the superior court for specific performance of land sale contract which involved the sale and purchase of a house in Redondo Beach, California. The Martins named as defendants Roger R. Baker, Dolores L. Baker, appellants herein (hereinafter referred to as the Bakers), one Nat Vogel, an employee of another named defendant, Ronald Turner, also known as Alan Turner Realtors, and others.

The Bakers answered the complaint and filed a cross-complaint "for rescission and damages" which was answered by the Martins. The other

named defendants also filed a cross-complaint which was answered by the Martins.

The record on appeal reflects, generally, that the Bakers were contacted by one Nat Vogel, an employee of Alan Turner Realtors, that he (Vogel) had a buyer for their home, so the Bakers entered into an Exclusive Right to Sell Agreement with Alan Turner Realtors. On or about October 22, 1970, the Martins entered into an agreement with Mr. Vogel to purchase the Baker home. On or about October 27, 1970, the Martins gave Mr. Vogel a down payment on the property of $500. On March 18, 1971, the Martins gave Alan Turner Escrow Division an additional down payment of $500 and on March 20, 1971, moved into the house. On April 16 and June 26, 1971, the Martins issued checks to appellants for $100 and $200, respectively. One of the checks was marked "rent." There is a conflict between the parties as to whether or not a rental agreement was ever entered into.

On November 23, 1971, the Bakers sent a letter to the Martins demanding back rent. On February 29, 1972, the Bakers rescinded the contract of sale, and on March 10, 1972, the Martins commenced their action for specific performance against the Bakers.[1] At the trial the Bakers' evidence was focused on their contention that the realty company and its agents misled them regarding the sales agreement and the conditions for sale, including brokerage fees.

Following a three-day, nonjury trial, the court found in favor of the plaintiffs-respondents Martins (the buyers) and against the defendants-appellants Bakers (the sellers) in the sum of $4,300 plus $1,400 out-of-pocket expense plus $2,000 attorney's fees. The defendants' motion for a new trial was denied on May 15, 1973.

The Bakers appeal from the judgment.

## THE ISSUE

The appellants Bakers' (defendants below) first assignment of reversible error, which we find determinative on appeal, is that when findings of fact are required, there must be a finding upon all of the material issues in the case, the findings must support the judgment and the findings must disclose the court's determination of all issues of fact

---

[1] On March 24, 1972, the Bakers commenced an action in unlawful detainer against the Martins, which was successfully demurred to on the ground of another action pending.

and not refer merely to the truth or falsity of allegations contained in the pleadings.

## DISCUSSION

Rule 232(e) of the California Rules of Court for the superior court states that "Findings shall fairly disclose the court's determination of all issues of fact material to the judgment in the case and shall be concisely and chronologically stated whenever practicable. *Findings shall not refer merely to the truth or falsity of allegations contained in the pleadings."* (Italics added.) (In effect Jan. 1, 1969.)

Prior to rule 232(e), findings were held sufficient if a general statement was made to the effect that all the allegations in the complaint were true and all the denials and allegations in the answer were untrue. (*Chatfield v. Continental Bldg. etc. Assn.,* 6 Cal.App. 665, 668 [92 P. 1040].) Witkin lists numerous examples where general references, uncertain forms and inconsistent statements were allowed by the courts to constitute sufficient findings. Because of those cases, there was "ample justification for the flat prohibition in Superior Court Rule 232(e), adopted in 1968: 'Findings shall not refer merely to the truth or falsity of allegations contained in the pleadings.' " (4 Witkin, Cal. Procedure (2d ed. 1971) pp. 3135-3137.)

In the case at bench the record reflects that on March 16, 1973, counsel for the defendants filed proposed findings of fact and conclusions of law and a proposed judgment and on April 5, 1973, filed written objections to the plaintiffs' findings on the ground they were not in accordance with the requirements of rule 232(e), California Rules of Court. The trial court, on April 10, 1973, overruled the defendants' objections and signed the plaintiffs' findings of fact and conclusions of law and judgment.[2]

---

[2]The findings of fact and conclusions of law as signed by the court were as follows:

"I [¶] The allegations contained in paragraphs I, II, III, IV, V, VI, VII, VIII, IX, of the first cause of action of plaintiffs' complaint are true.

"II [¶] The allegations contained in paragraphs I, II, III of the Second Cause of Action of plaintiffs' complaint are true.

"III [¶] None of the allegations contained in paragraphs I, II, III of defendants' answer is true.

"IV [¶] Each allegation and denial in paragraph II of defendants' answer is untrue, except it is true that defendants' [*sic*] ROGER R. BAKER and DOLORES L. BAKER are the owners of said property.

"V [¶] Each allegation contained in defendants' first defense to first cause of action are untrue.

"VI [¶] Each allegation contained in defendants' second defense to first cause of action are untrue.

"VII [¶] The allegations contained in paragraph I, II of defendants' answer to

The case at bench is somewhat complicated since it pertains to a real estate transaction, involving numerous parties and pleadings with many contested factual issues. ■ The findings, as prepared by the prevailing plaintiffs and as approved and signed by the court, are prepared in a manner prohibited by rule 232(e) which states: "Findings shall not refer merely to the truth or falsity of allegations contained in the pleadings."

In *Longfellow* v. *Presidente Miguel Aleman*, 36 Cal.App.3d 508 [111 Cal.Rptr. 643], the court said at page 515: "Section 632 of the Code of Civil Procedure requires the trial court to make findings of fact which 'fairly disclose the court's determination of all issues of fact.' Failure to make a necessary finding is reversible error. (*Auer* v. *Frank* (1964) 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].) This court is

plaintiffs' second cause of action are untrue.

"VIII [¶] The allegations contained in paragraphs I, VI, VII, VIII, IX, X, XI, XII, XIII, of defendants first cause of action of defendants' cross complaint are untrue.

"IX [¶] The allegations contained in paragraphs II, III, IV, V, of defendants' first cause of action of defendants' cross complaint are true.

"X [¶] The allegations contained in paragraphs I, II, III of defendants' second cause of action of defendants cross complaint are untrue.

"XI [¶] The allegations contained in paragraph I of defendants' second cause of action of defendants cross complaint are untrue except that paragraphs II, III, IV, V, of defendants' first cause of action of defendants cross complaint, as incorporated in paragraph I of defendants second cause of action of defendants cross complaint are true.

"XII [¶] The allegations contained in paragraphs I, II, III of defendants third cause of action of defendants cross complaint are untrue.

"XIII [¶] The allegations contained in paragraphs IV, V, VI, of defendants third cause of action of defendants cross complaint are true.

"XIV [¶] The allegations contained in paragraphs I, II of defendants' fourth cause of action of defendants cross complaint are untrue.

"XV [¶] The allegations contained in paragraphs I, II, III, IV, V, VI, of cross defendants answer to cross complaint is true.

"XVI [¶] Except as otherwise hereinabove specifically found, all of the allegations of the complaint are true, and none of the allegations of the answer are true.

"XVII [¶] Except as otherwise hereinabove specifically found, none of the allegations of the cross complaint are true and all of the allegations of the answer to the cross complaint are true.

"CONCLUSIONS OF LAW [¶] From the foregoing facts the Court makes the following conclusions of law:

"I [¶] Plaintiffs', JIMMIE MARTIN and DORIS G. MARTIN are entitled to judgment against the defendants' [*sic*], ROGER R. BAKER and DOLORES L. BAKER decreeing that they recover from defendants' [*sic*], ROGER R. BAKER and DOLORES L. BAKER the sum of $4,300.00, which is the difference between commercial funding and the 221-FHA-D-2 program plus $1,400.00 out-of-pocket expense, as evidenced by plaintiffs' Exhibits 1, 2, 3, 4, and 5, and attorneys' fees paid in the sum of $2,000.00.

"II [¶] That cross-defendant and cross-complainant ALAN RONALD TURNER shall take nothing by his cross-complaint.

"III [¶] That defendants and cross-complainants ROGER R. BAKER and DOLORES L. BAKER shall take nothing by their cross-complaint.

"IV [¶] That attorney for plaintiffs JIMMIE MARTIN and DORIS G. MARTIN shall prepare findings of fact, conclusions of law and judgment in accordance herewith."

unable to infer that the trial court impliedly made the missing findings. (Code Civ. Proc., § 634.) Similarly, it would be preferable for the appellate court, acting under Code of Civil Procedure section 43, not to supply the missing finding when that can so readily be done by the judge who heard the evidence."

Accordingly, we find that the findings prepared by the respondents below and signed by the trial court are practically equivalent to no findings at all, which works a miscarriage of justice in that without the basis of the court's rulings on the issues being delineated, the losing party is unable to properly prepare a record on appeal to which he is entitled. In addition, we are not required, in the face of a congested calendar, to assume the tedious task of analyzing and tabulating the findings submitted to find out what they mean. (See *Kadner* v. *Shields,* 20 Cal.App.3d 251, 274, fn. 32 [97 Cal.Rptr. 742].)

In the case at bench the making of findings by general reference to paragraphs of the pleadings resulted in conflicting findings. For example, there is a finding that the allegations of paragraph V of the first cause of action of the complaint are true. One of those allegations was that "it is and has been within *defendants* [*sic*] power to perform said contract, and that *defendant* can conform to a decree of specific performance as prayed for herein." (Italics added.) There was no judgment of specific performance, but there was a judgment for recovery of money. There is another finding that the allegations of paragraph II of the second cause of action of the complaint are true, which contains an allegation that as a proximate result of "defendants" breach of contract plaintiffs suffered damages in the amount of $50,000. The judgment, however, was for $4,300.

Since the trial judge who heard the evidence has since retired from the bench and since the findings in the case at bench were prepared by the respondents, we are compelled, to avoid a miscarriage of justice, to reverse the judgment.[3]

---

[3]We have considered article VI, section 13 of the California Constitution which states: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

We believe that the acceptance of the findings by the trial court over the objection of appellants was beyond an error of pleading or procedure, but seriously affected appellants from presenting clear issues to challenge an appeal and thus constitutes a miscarriage of justice.

Having reversed the judgment for the reasons stated, the remaining issues raised on appeal become moot.

Judgment reversed.

Wood, P. J., and Lillie, J., concurred.