[No. B003103. Second Dist., Div. One. Jan. 24, 1985.]

MIRAMAR HOTEL CORP. et al., Cross-complainants and Appellants, v. FRANK B. HALL & CO. OF CALIFORNIA, Cross-defendant and Respondent.

COUNSEL

Gerald M. Siegel for Cross-complainants and Appellants.

Pettit & Martin, Theodore Russell and Lynne Bantle for Cross-defendant and Respondent.

OPINION

**DALSIMER, J.**—This case presents the question whether a trial court's failure to issue a statement of decision when there has been a timely request therefor is per se reversible error. We will conclude that it is.

After a two-day trial on appellants' cross-complaint, the matter was taken under submission by the court. On August 3, 1983, a minute order was entered, which reads in pertinent part: "MEMORANDUM OF DECISION AND STATEMENT OF DECISION (C.C.P. 632) [¶] In this matter, heretofore taken under submission as of August 2, 1983, the Court renders its decision as follows: [¶] The Court finds that the preponderance of evidence establishes the following: [¶] 1) Cross-Complainant did not justifiably rely on any representation or misrepresentation uttered by cross-defendant or its agents. [¶] 2) No implied or express contract to indemnify cross-complainant was ever created by the acts or statements of the respective parties or their agents. [¶] 3) The cross-complainant is not entitled to recover its attorney fees as damages or under any other theory presented." By its minute order the court provided that judgment be rendered in favor of respondent and ordered respondent to prepare the judgment.

On August 11, 1983, appellants filed a request for a formal statement of decision pursuant to Code of Civil Procedure section 632[1] (hereinafter section 632). The request sought a statement of decision as to certain principal controverted issues as well as various evidentiary factual issues. The record fails to disclose that any notice was taken by the court of appellants' request, and judgment was filed on September 28, 1983, without any formal statement of decision having been rendered.

The Legislature, by its enactment of section 632, and the Judicial Council, by its adoption of California Rules of Court, rule 232[2] (hereinafter rule 232), have created a comprehensive method for informing the parties and ultimately the appellate courts of the factual and legal basis for the trial court's decision.

---

[1]Code of Civil Procedure section 632 provides in pertinent part: "In superior . . . courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. Upon the request of any party appearing at the trial, made within 10 days after the court announces a tentative decision, . . . the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested such a statement, any party may make proposals as to the content of the statement of decision."

[2]California Rules of Court, rule 232, provides in pertinent part as follows: "(a) On the trial of a question of fact by the court, the court shall announce its tentative decision by an oral statement, entered in the minutes, or by a written statement filed with the clerk. Unless the announcement is made in open court in the presence of all parties who appeared at the trial, the clerk shall forthwith mail to all parties who appeared at the trial a copy of the minute entry or written tentative decision. [¶] The tentative decision shall not constitute a judgment and shall not be binding on the court. If the court subsequently modifies or changes its announced tentative decision, the clerk shall mail a copy of the modification or change to all parties who appeared at the trial. [¶] The court in its tentative decision may (1) state whether a statement of decision, if requested, will be prepared by the court or by a designated party, and (2) direct that the tentative decision shall be the statement of decision unless within ten days either party specifies controverted issues or makes proposals not covered in the tentative decision. [¶] (b) Any proposals as to the content of the statement of decision shall be made within 10 days of the date of request for a statement of decision. [¶] (c) If a statement of decision is requested, the court shall, within 15 days after the expiration of the time for proposals as to the content of the statement of decision, prepare and mail a proposed statement of decision and a proposed judgment to all parties who appeared at the trial, unless the court has designated a party to prepare the statement as provided by subdivision (a) or has, within 5 days after the request, notified a party to prepare the statement. A party who has been designated or notified to prepare the statement shall within 15 days after the expiration of the time for filing proposals as to the content of the statement, or within 15 days after notice, whichever is later, prepare, serve and submit to the court a proposed statement of decision and a proposed judgment. If the proposed statement of decision and judgment are not served and submitted within that time, any other party who appeared at the trial may: (1) prepare, serve and submit to the court a proposed statement of decision and judgment, or (2) serve on all other parties and file a notice of motion for an order that a statement of decision be deemed waived. [¶] (d) Any party affected by the judgment may, within 15 days after the proposed statement of decision and judgment have been served, serve and file objections to the proposed statement of decision or judgment."

A statement of decision prepared in conformity to the established procedure may be vitally important to the litigants in framing the issues, if any, that need to be considered or reviewed on appeal. Parenthetically, such a statement may render obvious the futility of an appeal. Eventually, a careful issue identification and delineation may also be of considerable assistance to the appellate court.

Another equally important aspect of the orderly procedure ordained for eliciting and originating a statement of decision is the parties' opportunity to make proposals as to its content. Rule 232(b) provides that proposals as to the content of the statement of decision shall be made within 10 days of the request for the statement. Rule 232(d) provides that any party affected by a proposed judgment may serve and file objections to the proposed statement of decision within 15 days after the proposed statement and judgment have been served.

Although it bears the caption "STATEMENT OF DECISION," the minute order herein does not constitute such within the meaning of section 632 because it fails to explain "the factual and legal basis for [the court's] decision as to . . . the principal controverted issues at trial." Such an explanation is an essential element of a statement of decision. (See § 632; *People* v. *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 524-525 [206 Cal.Rptr. 164].)

By labeling the minute order a statement of decision and ignoring appellants' request for the issuance of such a statement, the trial court deprived appellants of an opportunity to make proposals and objections concerning the court's statement of decision. (Cf. *People* v. *Casa Blanca Convalescent Homes, Inc., supra,* 159 Cal.App.3d 509, 522-526 [memorandum of intended ruling adopted as statement of decision after request therefor; appellant given opportunity to file objections].) Such an opportunity is a key aspect of the process described in section 632 and rule 232.

Section 632 clearly specifies that the issuance of a statement of decision upon timely request therefor is mandatory. Because the trial court failed to issue such a statement despite a timely request therefor, reversal is required.

We impose no substantial burden upon trial courts by insisting upon adherence to the legislative mandate as explicated by rule 232. The trial court is specifically authorized to designate a party to prepare the statement of decision (rules 232(a) and 232(c)) and thus is required only to review the statement and any objections thereto and to make or order to be made any corrections, additions, or deletions it deems necessary or appropriate.

Were we, conversely, to condone a total or even a material failure by trial courts to observe the prescribed procedure for revealing the basis for their respective decisions, we would be thrusting a quite substantial burden upon the litigants and also upon the appellate courts. At the outset of virtually every appeal of such a case, there would emerge a threshold question as to precisely what were the "principal controverted issues at trial." It is ineluctable that such a classification could most easily be made by the trial judge. More importantly, where a request for a statement of decision has been made and an inadequate statement or no statement whatsoever has been provided, then each appeal is inevitably based upon what is tantamount to a claim that the judgment is not supported by substantial evidence. This in turn requires both the litigants and the appellate court to conduct an examination of the entire record in order to properly review the trial court decision.

It thus becomes apparent that the legislative provision of section 632 as augmented by rule 232 is the most efficient and judicially economic manner of fulfilling the trial court function.

In issuing its statement of decision, the court need not address each question listed in appellants' request. All that is required is an explanation of the factual and legal basis for the court's decision regarding such principal controverted issues at trial as are listed in the request. (*People* v. *Casa Blanca Convalescent Homes, Inc., supra,* 159 Cal.App.3d 509, 525.)

The judgment is reversed, and the matter is remanded for the issuance of a statement of decision by the trial judge.

Lucas, J., concurred.

**SPENCER, P. J.**—With great reluctance, I concur in the result. Ordinarily, I consider a rule of per se reversibility inadvisable when, as in the instant matter, there is no substantial evidence to support a judgment for the appealing party and a reversal rectifies no miscarriage of justice. In the past, this court has used the harmless error standard to affirm a judgment notwithstanding the presence of the same procedural error present in the instant case.

However, it now appears the practice in the trial courts of issuing minute orders, such as that utilized in the case at bar, in lieu of complying with the requirements of section 632 is on the increase. The far-reaching and burdensome effects of that practice mandate that it end immediately. Since

I perceive no means of effecting that result other than per se reversal, I join with the majority.