[No. G001562. Fourth Dist., Div. Three. Mar. 26, 1986.]

SUSAN GORDON, Plaintiff and Appellant, v.
LAURA S. WOLFE, Defendant and Respondent.

**COUNSEL**

L. Thomas Murphy, Jr., for Plaintiff and Appellant.

Schell & Delamer, Martin A. Yester and Douglas H. Rand for Defendant and Respondent.

**OPINION**

**CROSBY, J.**—Are the parties entitled to a statement of decision pursuant to Code of Civil Procedure section 632 after a trial in a personal injury action where liability is admitted and the only issues concern damages? *Yes.* Should the court monitor the hours consumed in a trial spread over several days to determine whether it has lasted more than one day for purposes of that section? *No.*

## I

Susan Gordon was injured by an automobile driven by Laura Wolfe, a minor. Gordon sued Wolfe and her father, the owner of the car. The latter settled for the limits of his statutory liability (Veh. Code, § 17151).

Wolfe conceded her own liability, and the parties waived jury and proceeded to trial solely on the question of damages. Gordon testified; but the matter was primarily tried on documentary evidence, reports of medical experts retained by both parties, hospital bills, and the deposition of an economist retained by Gordon to value her loss of future income.

The court issued a notice of tentative decision on February 9, 1984, awarding Gordon damages of $72,660 to be offset by the $15,000 settlement with defendant's father. Gordon's request for a statement of decision was denied by the court in a written order: "'There is no requirement that the trial court set out either its computation or the particular evidence upon which it may have relied in determining the amount of damages.' [¶] [*Healey* v. *Brewster* (1967) 251 Cal.App.2d 541 [59 Cal.Rptr. 752] and *Acoustics, Inc.* v. *Trepte Constr. Co.* (1971) 14 Cal.App.3d 887 [92 Cal.Rptr. 723].] [¶] Plaintiff's request for statement of decision denied." Judgment was then entered in accordance with the intended decision.

Gordon contends the damage award was inadequate as a matter of law and the court erred in refusing to issue a statement of decision. We do not reach the adequacy of the award at this time, since the failure to issue a statement of decision both substantially impairs our ability to consider the issue and requires reversal in itself.

## II

Code of Civil Procedure section 632 provides, "In superior . . . court[], upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. Upon the request of any party appearing at the trial, made within 10 days after the court announces a tentative decision, or if the trial has lasted less than one day, made prior to submission of the matter for decision, the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. . . ." ■ Where required, the failure to provide a statement of decision in response to a timely request is reversible per se. (*In re Marriage of McDole* (1985) 176 Cal.App.3d 214 [221 Cal.Rptr. 734]; *In re Marriage of S.* (1985) 171 Cal.App.3d 738 [217 Cal.Rptr. 561]; *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126 [210 Cal.Rptr. 114].) Since, as we shall conclude, Gor-

don's demand for a statement of decision here was proper and timely, reversal is compelled.

## III

■ Although conceding testimony, evidence, and argument was received by the court on three separate dates over a two-week period, Wolfe insists fewer than eight hours of the court's time were consumed. Thus, she argues, the trial lasted less than one day and Gordon's failure to request a statement of decision before the matter was submitted constitutes a waiver. We cannot agree.

Courts may have to count days, but they are not required to count hours and minutes under Code of Civil Procedure section 632. Regardless of the number of hours counsel actually spent before the court, this trial was conducted over more than one court calendar day. Moreover, defendant forgets the court announced it would have to "take a day . . . and devote it to this case" in order to read the deposition of plaintiff's economist which was submitted in lieu of live testimony.

Our recent holding in *Mitchell* v. *County of Orange* (1985) 165 Cal.App.3d 1185 [211 Cal.Rptr. 563] is not in conflict with today's ruling. On the day set for trial in *Mitchell,* the court was unable to locate the exhibits, the only anticipated evidence. The court permitted the attorneys to give opening statements and then recessed until the following day when the exhibits were found and introduced into evidence. The matter was submitted that afternoon with neither party requesting a statement of decision. Plaintiff did request one within ten days after the court announced its intended decision. But the trial court deemed the request untimely, and we affirmed.

Although the parties gave opening statements the first day in *Mitchell,* the trial did not actually commence until the following day when the presentation of evidence began. ■ In the absence of a statutory exception, a trial to the court begins when the first witness is sworn or evidence is admitted. (*Hartmann* v. *Santamarina* (1982) 30 Cal.3d 762, 765 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833]; *Diverco Constructors, Inc.* v. *Wilstein* (1970) 4 Cal.App.3d 6, 12, fn. 5 [85 Cal.Rptr. 851]; *Kadota* v. *City & County of San Francisco* (1958) 166 Cal.App.2d 194, 195 [333 P.2d 75]; cf. Code Civ. Proc., § 581, subd. (a).) ■ Evidence was taken on more than one day in this case, however; and that is the difference. Moreover, in *Mitchell* the parties expected the matter to be completed quickly and had fair warning to request the statement, if desired, before the case was submitted for decision. (Code Civ. Proc., § 632.) No similar expectation necessarily pertained here.

## IV

■ Wolfe devotes most of her brief to a challenge of the timeliness of Gordon's request. The request is file stamped February 21, 1984, even allowing for a court holiday, apparently a day late. We are nevertheless persuaded it was timely.

Gordon invites our attention to a clerk's handwritten notation on the document, "Rec'd for D-45 5:03 p.m. 2-17-84." The proof of service confirms it was mailed to opposing counsel on that date. Thus, it appears the request was received in the trial department (as is customarily the case in local practice) on February 17, 1984, but not file stamped until the court prepared its order rejecting the request on February 21, and the papers were then processed in the clerk's office.

## V

■ Having concluded the request was timely, we next consider whether it was proper in a trial limited only to damages. We believe it was, and Wolfe appears to concede the point. Her brief is silent on the issue. She raises only procedural objections and, somewhat circularly, argues the statement was unnecessary because the award was adequate as a matter of law.

■ The rule was stated decades ago in *29 Palms Van & Storage* v. *L.A. Met. Transit Authority* (1963) 221 Cal.App.2d 183 [34 Cal.Rptr. 430]: "[W]here both general and special damages are demanded, it is the duty of the trial court, if it finds for plaintiff, to find separately the general damages and the several categories of special damages. [Citations] [¶] . . . Defendant complained to the trial court, as it does here, that the finding is ambiguous in that it fails to disclose what part of the [] award is for general damages or for loss of profits or for some other category of special damage." (*Id.*, at pp. 185-186.) The rule was reiterated by Division One of this court years later: "Findings of fact relating the process of a calculation which is the basis of an ultimate fact, ordinarily, are not required [citation]. However, this rule does not apply to a case involving a determination of separate 'items' of damage, separately pleaded, each dependent upon a determination of separate issues of fact [citation]." (*South Bay Irr. Dist.* v. *California-American Water Co.* (1976) 61 Cal.App.3d 944, 994-995 [133 Cal.Rptr. 166].)

■ Gordon sought general damages for pain and suffering and special damages for medical and incidental expenses, lost earnings, and lost earning capacity. The judgment was for a lump sum figure, however. Thus, neither we nor the parties know whether, or in what amount, the award was in-

tended to compensate Gordon for each of those discrete categories. Without a statement of decision, the judgment is effectively insulated from review by the substantial evidence rule; and we have no basis to determine whether the award was insufficient as a matter of law, as Gordon contends. (See *People* v. *Landlords Professional Services, Inc.* (1986) 178 Cal.App.3d 68 [223 Cal.Rptr. 483].)

The authority relied upon by the trial court, *Healey* v. *Brewster* (1967) 251 Cal.App.2d 541 [59 Cal.Rptr. 752] and *Acoustics, Inc.* v. *Trepte Constr. Co.* (1971) 14 Cal.App.3d 887 [92 Cal.Rptr. 723], is inapt. In those opinions by the same author, the Court of Appeal determined the trial court was not required to choose as the amount of damages in breach of contract actions the figures presented by one party or the other. Instead, the amount assessed by the court would be affirmed on appeal if " 'there was substantial support in the evidence for the finding as to damages . . . .' " (*Id.,* 14 Cal.App.3d at p. 913.) Moreover, the court was not required to reveal to the parties the process by which it arrived at its figures.

This analysis, if still viable after *Miramar Hotel Corp.* v. *Frank B. Hall & Co., supra,* 163 Cal.App.3d 1126, does not fit within the personal injury framework, however. The question we cannot answer on this record is not *how* the court arrived at a figure for an item of damages, but *what* that figure was in each instance. For example, a failure to award any damages for lost earnings would disclose an important fact: The court did not believe plaintiff's evidence on the issue. But with the present judgment, the parties cannot know what the court determined on that or any other damage question; and we are unable to review the sufficiency of the award properly by examining its various components in light of the evidentiary support for each of them. Thus, the question of the adequacy of the damages must be deferred pending preparation of the statement of decision.

Accordingly, the judgment is reversed and remanded with directions to the trial court to prepare a statement of decision. Appellant is entitled to costs on appeal.

Trotter, P. J., and Sonenshine, J., concurred.