[No. D003908. Fourth Dist., Div. One. Apr. 15, 1987.]

R. E. FOLCKA CONSTRUCTION, INC., Plaintiff and Respondent, v. MEDALLION HOME LOAN COMPANY et al., Defendants and Appellants.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of sections II and III.

**COUNSEL**

Merle N. Schneidewind for Defendant and Appellant.

Gary S. Plavnick, Kenneth H. Stone and Imhoff & Stone for Plaintiff and
Respondent.

**OPINION**

**WIENER, Acting P. J.**—■  When does a trial last less than a day? This
seemingly straightforward but unanswered question remains important to
litigants, litigators and members of the trial and appellate bench because of
its relation to the trial judge's nemesis—the statement of decision required
by Code of Civil Procedure section 632[2] and California Rules of Court, rule
232. "[When] the trial has lasted less than one day" the party wishing a state-
ment of decision must make the request *before* the case is submitted for deci-
sion. (§ 632; see fn. 2, *ante.*)

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.
Section 632 provides in part: "In superior ... courts, upon the trial of a question of fact by
the court, written findings of fact and conclusions of law shall not be required. Upon the
request of any party appearing at the trial, made within 10 days after the court announces
a tentative decision, or if the trial has lasted less than one day, made prior to submission of
the matter for decision, the court shall issue a statement of decision explaining the factual
and legal basis for its decision as to each of the principal controverted issues at trial. The
request for a statement of decision shall specify those controverted issues as to which the party
is requesting a statement of decision. After a party has requested such a statement, any party
may make proposals as to the content of the statement of decision. . . ."

This nonjury case consisted of three hours and fifty-three minutes of testimony and oral argument presented over two separate days. The trial court rejected as untimely the defendants' request for a statement of decision made 30 days after the case was submitted and 8 days after the court issued its intended decision. As we shall explain, we conclude the court made the correct procedural ruling and we reject defendants' substantive attack on the judgment. We therefore affirm the judgment and remand solely to allow the trial court to determine the amount of attorney's fees to which plaintiff's counsel is entitled for prevailing on this appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff R. E. Folcka Construction, Inc. (Folcka) sued defendants Syd Verbin and Medallion Home Loan Company (Medallion) alleging breach of contract and a common count against Verbin; breach of fiduciary duty against Medallion; and fraudulent and negligent mispresentation against both defendants.

A court trial took place on September 10 and 11, 1985. The parties submitted their respective trial briefs, each consisting of about 10 pages, during the pretrial conference held in chambers at 10:28 a.m. on September 10. When court convened at 1:35 p.m., the judge said he had read the briefs. Folcka's counsel waived opening argument and the first witness was sworn. The trial recessed at 4:19 p.m. and reconvened at 9:43 a.m. the following morning. Additional testimony and closing argument were heard before the trial ended at 10:52 a.m. The court took the matter under submission and issued a minute order on October 3, 1985, finding in favor of Folcka. The court denied Medallion and Verbin's October 11 request for a statement of decision because it was "not timely." Medallion and Verbin appeal from the $31,758.84 judgment.

### DISCUSSION

### I.

Much has been written about the history, purpose and importance of section 632.

From an historical perspective section 632 originally required written findings of fact and conclusions of law in both superior and municipal courts. (See Historical Note, 16A West's Ann. Code Civ. Proc. (1976 ed.) § 632, p. 28.) Such findings were considered fundamental to the decisionmaking process. (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 368, p. 373.) The

purpose of the requirement was described in *Frascona* v. *Los Angeles Ry. Corp.* (1920) 48 Cal.App. 135, 137-138 [191 P. 968]: "The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution. [Citation.] The code provision requiring written findings of fact is for the benefit of the court and the parties. To the court it gives an opportunity to place upon record, in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which the judgment rests. To the parties, it furnishes the means, in many instances, of having their cause reviewed without great expense. It also furnishes to the losing party a basis of his motion for a new trial; he is entitled to know the precise facts found by the court before proceeding with his motion for a new trial, in order that he may be able to point out with precision the errors of the court in matters either of fact or law. [Citation.]"

In 1968 amendments were made to both section 632 and rule 232(e) of the California Rules of Court. Before these amendments findings were held sufficient if they contained a general statement to the effect that all the allegations of the complaint were true and all the denials and allegations of the answer untrue. (*Martin* v. *Baker* (1974) 43 Cal.App.3d 1049, 1052 [118 Cal.Rptr. 238].) Witkin observed that "[t]he optimistic pronouncement in the *Frascona* and other cases did not reflect the true picture. To a large extent findings became stereotyped generalities, which in too many cases tended to frustrate rather than facilitate appellate review." (7 Witkin, Cal. Procedure, *supra,* at p. 374.)

The 1968 amendments made two major changes. First, the amendment to section 632 abolished the mandatory requirement for findings of fact and conclusions of law. The Legislature substituted the alternatives of (1) findings on request or (2) a written judgment. The amendment to rule 232(e) set forth the express prohibition that "[f]indings shall not refer merely to the truth or falsity of allegations contained in the pleadings." (Cal. Rules of Court, rule 232(e) (West's 1981 ed.).)

Under the 1968 version of section 632 and rule 232(e), findings were to include all issues of fact "material" to the judgment. (Code Civ. Proc., § 632 (West's 1981 ed.); Cal. Rules of Court, rule 232(e) (West's 1981 ed.).) "A 'material' issue of fact is one which is relevant and essential to the judgment and closely and directly related to the trial court's determination of the ultimate issues in the case." (*Kuffel* v. *Seaside Oil Co.* (1977) 69 Cal.App.3d 555, 565 [138 Cal.Rptr. 575].) Findings were required to state ultimate facts rather than evidentiary facts or legal conclusions. (*Seeley* v. *Combs* (1966) 65 Cal.2d 127, 132 [52 Cal.Rptr. 578, 416 P.2d 810].) Failure to make find-

ings on a material issue ordinarily constituted reversible error. (*San Jose etc. Title Ins. Co.* v. *Elliott* (1952) 108 Cal.App.2d 793, 801 [240 P.2d 41].)

The impressive history of section 632 and the appellate pronouncements articulating the importance of the section cannot transform that immutable fact of nature accepted as a truism by any person who has ever sat as a trial judge—findings were a pain. We suspect that at least on occasion every sensible trial judge expressed frustration with the need to prepare findings of fact and irritation with the resultant interminable squabbling over minutiae involving linguistic subtleties that boggle the most sophisticated mind. Mildly phrased, judges did not enjoy the never ending rancor caused by findings. It was in this political climate—a rational hostility to findings—that the Legislature decided in 1981 to amend section 632 and to abolish findings. As expressed by the Assembly Judiciary Committee the purpose of the amendment was "to save the court and attorney time by eliminating the requirement for findings of fact and conclusions of law which generate proposed findings and counter findings thereby resulting in a 'mini-trial' after the trial" previously held. (Assem. Bill No. 1684, Concurrence in Senate Amends., Sept. 11, 1981, 16 Assem. Final Hist. (1981-1982 Reg. Sess.) pp. 120-122.)

Consistent with this intent the Legislature adopted what it thought would be a less formal method of stating the factual basis for a court decision.

Whether the Legislature succeeded in implementing its intent is debatable. As many trial judges now realize, the labels may have changed, but the game is the same. There is little substantive difference between findings of fact and the statement of decision. Findings consisted of all issues of fact "material" to the judgment; the statement of decision must include the factual and legal basis as to each of the "principal controverted issues." (§ 632.)

The appellate courts took a hard line to guide their analysis of the 1981 amendments and relied on decisional law under former section 632. (See, e.g., *McCurter* v. *Older* (1985) 173 Cal.App.3d 582, 591-592 [219 Cal.Rptr. 104].) "While a trial court issuing a statement of decision is required only to state ultimate rather than evidentiary facts it must, nevertheless, make such a statement. What is required is an explanation of the factual and legal basis for the court's decision as to the principal controverted issues at trial which are specified in the party's request for statement of decision. Where the court fails to make the required explanation reversible error results. [Citations.]" (*Id.* at p. 593; see also *In re Marriage of S.* (1985) 171 Cal.App.3d 738, 747-748 [217 Cal.Rptr 561]; *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129-1130 [210 Cal.Rptr. 114].)

While we do not disagree with these appellate decisions, the appellate focus on section 632 has a narcissistic flavor which subordinates the problems of the trial court to those of the appellate court. We believe this is an appropriate case to express our empathy with the harried trial judge who must now rush from short cause to short cause between presiding over long causes, both civil and criminal. The judge's working day has increased to keep pace with the demands of civil litigants who insist on judicial resolution of almost every imaginable type of complaint. Where it reasonably appears that a case will take less than a day, it is simple enough for counsel to ask for a statement of decision before the case is submitted. If the appellate courts are only partially correct in their pronouncements on the importance of a statement of decision, counsel who believe they will prevail should be eager to obtain the basis for the court's decision.

In this conceptual frame it is indeed anomalous that it is counsel for the losing party who invariably requests the statement of decision. On that premise it becomes understandable why lawyers who think they will prevail are reluctant to ask for a statement of decision before submission fearful that the trial court will take the request as a prediction on the outcome—a self-fulfilling prophecy. But this anecdotal view of short cause litigation does not justify our rewriting the statute to permit lawyers to make untimely requests on the theory that this is the only sensible tactical approach which they can take. When a lawyer believes the total trial time of the case in which he or she is involved will not exceed six hours—the typical court day is no less than six hours (9 a.m. to 12 noon; 1:30 p.m. to 4:30 p.m.)—the lawyer should merely request a statement of decision before the case is submitted and not after receipt of an adverse judgment.

Our view is not unique. *Mitchell* v. *County of Orange* (1985) 165 Cal.App.3d 1185 [211 Cal.Rptr. 563] reached the same conclusion expressing similar thoughts. In *Mitchell* the parties had appeared for trial on the afternoon of March 9. Because the clerk was unable to locate appellants' exhibits and no witnesses were contemplated, the court heard short opening statements and adjourned the trial until 11 a.m. the following morning. Final argument was heard for one hour in the morning and a short period of time in the afternoon. On appeal the court concluded the request for a statement of decision was untimely because the trial lasted less than one day. The court also observed: "Had the hearing lasted five minutes on day one (continued to find necessary documents) and been concluded in five minutes on day two, it would be unreasonable to conclude the trial *lasted more* than one day. The clear purpose of the statute is to provide for speedier resolution of short matters. This three-hour hearing does not lose its short matter quality by virtue of the required continuance. The court properly found the request for statement of decision was untimely." (*Id.* at p. 1190.)

*Architects & Contractors Estimating Service, Inc.* v. *Smith* (1985) 164 Cal.App.3d 1001 [211 Cal.Rptr. 45] and *Gordon* v. *Wolfe* (1986) 179 Cal.App.3d 162 [224 Cal.Rptr. 481] do not establish contrary rules.

We have no disagreement with the conclusion of *Architects and Contractors* to the effect that the unusually conscientious judge who starts a trial between the hours of 12:01 a.m. and concludes the proceeding at or before 11:59 p.m. has conducted a trial that lasts less than one day. (At p. 1006.) That rule adopted in a case heard on a single day does not exclude this holding where we confront the question in a case tried on two separate days. In such circumstances, where a case is heard on two or more separate days, the criterion should be the time spent in trial and not merely on the number of calendar days involved. A six-hour case which because of trial court pressures can now only be heard for two hours or less over three or four separate days is not entitled to different procedural treatment than had the trial been conducted in a single day. There is no rational purpose in treating these identical cases differently because of the fortuity that trial courts are so heavily burdened.

We also share the sentiment expressed in *Gordon* v. *Wolfe, supra,* 179 Cal.App.3d 162 that "[c]ourts may have to count days, but they are not required to count hours and minutes under Code of Civil Procedure section 632." (At p. 166.) Nonetheless, where the computation of time is self-evident such as this case where all the evidence was presented in court in less than four hours the risk of forfeiting the statement of decision should rest with losing counsel who could have avoided the problem by expending only a minimal amount of effort. To conclude otherwise improperly transfers the burden to the justice system contrary to section 632's legislative purpose of saving judicial time for more important, i.e., longer cases.

It is significant that *Gordon* emphasized the trial occurred on three separate days over a two-week period, including a full court day to read the deposition of plaintiff's economist submitted in lieu of live testimony. (At p. 166.) In this factual context *Gordon* merely instructs the trial court that it need not record in the court minutes how much time it spent in receiving evidence outside of court when the trial lasts more than a day. Judicial recordation of time is an unnecessary formality when the parties retain the right to a statement of decision after the case is submitted.

Our case is also unlike *Bevli* v. *Briscoe* (1985) 165 Cal.App.3d 812 [212 Cal.Rptr. 36] in which the court was required to read an administrative record which he said "took from 10:00 o'clock yesterday morning until 11:00 o'clock last night and from 6:00 o'clock to 8:00 o'clock this morning . . . ."

(*Id.* at p. 821; cf. *City of Carmel-by-the-Sea* v. *Board of Supervisors* (1986) 183 Cal.App.3d 229, 239 [227 Cal.Rptr. 899] [appellate court was not required to infer from a silent record the time spent by the trial court reviewing an administrative record].) The court's statement on the record that it spent more than 15 hours considering documentary evidence which it could only receive outside the presence of the lawyers is substantially more than the court day as we have defined it.

Defendants here participated in a fair trial. Their failure to ask for a statement of decision should not inure to the detriment of Folcka and further burden the trial court with unnecessary legal proceedings. The trial court properly rejected defendants' request for a statement of decision.

## II., III.*

. . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

Judgment affirmed. The case is remanded for a determination of plaintiff's reasonable attorney's fees for this appeal. Defendants to bear all costs.

Work, J., and Lewis, J., concurred.

---

*See footnote 1, *ante,* page 50.