[No. C038565. Third Dist. Nov. 19, 2002.]

In re the Marriage of LARRY and RENATE GRAY.
LARRY GRAY, Respondent, v.
RENATE GRAY, Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of parts II and III of the DISCUSSION.

## COUNSEL

Brown, Hall, Shore & McKinley and John H. McKinley for Appellant.

Hakeem, Ellis, Simonelli & Marengo, Hakeem, Ellis & Marengo, Albert M. Ellis and Stephen B. Ardis for Respondent.

## OPINION

**SIMS, Acting P. J.**—In this marital dissolution action, appellant Renate Gray appeals from a judgment dividing the community property of the parties. Her principal contention is that the trial court erroneously refused to enter a statement of decision.

As pertinent, the trial court expressly found that this was a court trial that concluded in less than eight hours over more than one day. Consequently, pursuant to Code of Civil Procedure section 632, appellant was required to request a statement of decision before submission of the matter in the trial court. The trial court concluded that appellant's request for a statement of

decision, that was filed only after the trial court's tentative decision was filed, was untimely.

In the published portion of the opinion, we shall conclude appellant has shown no reason to reverse the express finding of the trial court on this issue. Consequently, appellant's request for a statement of decision was untimely, and the trial court had no obligation to enter a statement of decision.

The pertinent procedural history of the case is as follows:

July 6, 2000—Trial begins before Judge Michael N. Garrigan. The petitioner is sworn and testifies and the respondent is sworn and testifies. The matter is continued to August 7, 2000, for further trial of reserved issues.

August 7, 2000—Court trial of reserved issues before Judge Garrigan. The judge enters an order dividing property from the bench and directs counsel to prepare an order, presumably in the nature of a tentative decision.

September 13, 2000—The parties appear before Judge Robin Appel. The parties disagree as to the content of an appropriate tentative decision. The parties stipulate that they will meet and confer and that any further disagreement shall be set before Judge Garrigan.

October 23, 2000—Judge Garrigan conducts a hearing on "Clarification of Judgment." The case is continued to November 20, 2000, for a two-hour hearing.

November 20, 2000—The parties appear before Judge Garrigan. Respondent is granted permission to substitute counsel. The parties enter various stipulations. The case is continued to January 8, 2001.

January 8, 2001—The parties appear before Judge Garrigan and the case is continued until February 5, 2001.

February 5, 2001—"Further Hearing" before Judge Garrigan. Respondent is directed to prepare a tentative decision by February 13, 2001. The court orders that, the "parties will provide Final Disclosures to the court by February 13, 2001. [¶] . . . [¶] Upon submitting the documents, the court will take the matter under decision."

February 21, 2001—Petitioner files declaration of service of income and expense declaration.

March 7, 2001—Judge Garrigan files his tentative decision.

March 23, 2001—Respondent files request for statement of decision.

March 29, 2001—Judge Garrigan denies request for statement of decision on the ground, "This was a court trial concluded within one calendar day or less than eight hours over more than one day."

April 12, 2001—Judgment on reserved issues entered.

June 8, 2001—Appellant files notice of appeal.

## DISCUSSION

### I

Appellant contends the trial court erroneously denied her request for a statement of decision. For reasons that follow, we disagree.

The time for requesting a statement of decision is governed by Code of Civil Procedure section 632 (section 632), which provides in pertinent part as follows: "The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision."

Rule 825(a) of the California Rules of Court provides: "(a) [Submission] A cause is deemed submitted in a trial court when either of the following first occurs:

"(1) the date the court orders the matter submitted; or

"(2) the date the final paper is required to be filed or the date argument is heard, whichever is later." (Boldface omitted.)

In this case, the matter was submitted for decision on February 21, 2001, when the final paper was filed. Appellant's request for a statement of decision came later, on March 23, 2001, only after the filing of the court's tentative decision. Thus, if the trial court was correct in its express finding that the trial of this matter had not lasted for more than eight hours over more than one day, appellant's request for a statement of decision was untimely.

Appellant has not shown that the trial court's finding was erroneous. A judgment or order of the trial court is presumed to be correct, and all

intendments and presumptions are indulged to support it on matters as to which the record is silent. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) It is the appellant's burden to affirmatively demonstrate error. (*Ibid.*; *Marina County Water Dist. v. State Water Resources Control Bd.* (1984) 163 Cal.App.3d 132, 139 [209 Cal.Rptr. 212].) ▮ Here, appellant concedes in her opening brief that the record contains no indication as to the number of hours and minutes spent in the trial of this case. She has therefore failed to furnish a record to impeach the express finding of the trial court on this point.

Appellant argues that "when, as in the case at bar, the court is presented with volumes of evidence and documentation, and asked to consider a [31-]year marriage, and divide a community estate in excess of $3 [million] in a process that took more than a year to complete, it is inconceivable that trial lasted less than one day irrespective of the actual number of hours spent arguing the case." However, in setting the time for a request for a statement of decision, section 632 does not speak to the complexity of issues in the case. Rather, it speaks to the time consumed in the trial of the matter. As we have said, appellant has failed to show that the trial court erred in making an express finding that the trial of this case lasted less than eight hours.

Appellant relies on *Gordon v. Wolfe* (1986) 179 Cal.App.3d 162, 166 [224 Cal.Rptr. 481] where the court remarked, "Courts may have to count days, but they are not required to count hours and minutes under . . . section 632." However, when the *Gordon* court made this remark, section 632 contained no reference to a trial lasting less than eight hours over more than one day. Rather, the statute referred only to a trial lasting less than one day. (Stats. 1981, ch. 900, § 1, p. 3425.)

The status of section 632 when *Gordon* was decided, in 1986, and its subsequent amendment, were described by the court in *Palm v. Schilling* (1988) 199 Cal.App.3d 63 [244 Cal.Rptr. 600], as follows: "At the time of trial, . . . section 632 obligated the court to issue a statement of decision, if one was requested, after 'the trial of a question of fact by the court . . . .' In trials lasting more than one day, the request was required to be made within 10 days after the court's tentative decision. If the trial was concluded in less than a day, however, the request had to be made before the matter was submitted.

"Problems arose when trials were conducted over a period of several days but actually consumed fewer than eight hours of court time. (See, e.g., *R. E. Folcka Construction, Inc. v. Medallion Home Loan Co.* (1987) 191 Cal.App.3d 50 [236 Cal.Rptr. 202], *Gordon v. Wolfe*[*, supra,*] 179

Cal.App.3d 162 . . . , *Mitchell* v. *County of Orange* (1985) 165 Cal.App.3d 1185 [211 Cal.Rptr. 563], and *Architects & Contractors Estimating Service, Inc.* v. *Smith* (1985) 164 Cal.App.3d 1001 [211 Cal.Rptr. 45].) The Legislature has hopefully put an end to this semantic tempest by amending section 632, effective January 1, 1988, to provide that a request for statement of decision must be made before the matter is submitted where 'the trial is concluded within one calendar day or in less than eight hours over more than one day . . . .' (Stats. 1987, ch. 207, § 1.)" (*Palm v. Schilling, supra,* 199 Cal.App.3d 63, 66-67, fn. 2.)

In light of the 1987 amendment of section 632, *Gordon*'s remark no longer states good law on this point. Rather, in light of the 1987 amendment to section 632, trial courts must keep track of the time of short cause matters. Although, at the time of trial in this case, no legal authority required the courtroom clerk to keep track of the time of trial in the minutes, in the future the courtroom clerk should keep track in the minutes so that the court, counsel, and the parties will know when a request for a statement of decision must be made.

Appellant also relies on *Bevli v. Brisco* (1985) 165 Cal.App.3d 812 [212 Cal.Rptr. 36], which was also decided before the 1987 amendment of section 632. There, in a proceeding for administrative mandate, the trial court denied a request for a statement of decision on the ground the request was untimely, because the request was made after submission of the case and the trial had lasted less than one day. The trial judge disclosed that he had spent some 13 hours reading the administrative record. The Court of Appeal reversed, concluding that the time spent perusing the administrative record had to be considered for purposes of determining whether the trial had lasted more than one day. The court said, "If . . . time is expended by the trial court in absorbing the evidentiary information for trial, it must be considered as trial time for the purposes of findings under . . . section 632." (*Bevli,* at p. 822.)

*Bevli* is distinguishable because it involves an administrative mandamus proceeding, which ordinarily involves the reading of a substantial administrative record.

We decline to extend *Bevli*'s timing rule to other civil proceedings, such as this family court matter, particularly in light of the 1987 amendment to section 632 establishing the eight-hour rule. We cannot realistically expect trial judges to keep stopwatches to record time spent off the bench in chambers, a home office, or at the kitchen table studying the law and evidence. Rather, the eight-hour rule in section 632 requires a simple and

obvious mode of timekeeping that everyone, including attorneys, can keep track of. This means that, for purposes of keeping time of trial under section 632 in civil proceedings other than administrative mandamus (an issue not before us), the time of trial means the time that the court is in session, in open court, and also includes ordinary morning and afternoon recesses when the parties remain at the courthouse. It does not include time spent by the judge off the bench without the parties present—lunch, for example—except for such routine recesses as occur during the day. Measured by this test, appellant has not shown the trial court erred in its finding that the instant trial lasted less than eight hours over more than one day.

Because appellant has not carried her burden of showing that the trial court erred in its finding that the trial of this case consumed less than eight hours over several days, appellant has not shown that her request for a statement of decision was timely. (*Kearl v. Board of Medical Quality Assurance* (1986) 189 Cal.App.3d 1040, 1051-1052 [236 Cal.Rptr. 526].) On the present record, the request was untimely, and the trial court had no obligation to furnish a statement of decision. (*Khan v. Medical Board* (1993) 12 Cal.App.4th 1834, 1840 [16 Cal.Rptr.2d 385].)

Appellant's contention of error on this point is not meritorious.

## II, III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.

Nicholson, J., and Robie, J., concurred.

---

*See footnote, *ante,* page 974.