[Nos. G009835, G009593. Fourth Dist., Div. Three. Sept. 19, 1991.]

STEVE WHITTINGTON, Plaintiff and Appellant, v.
PHYLLIS McKINNEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976(b), parts II, III and IV are not published.

124

**COUNSEL**

Alan B. Newman for Plaintiff and Appellant.

Frederick T. Mason for Defendant and Appellant.

**OPINION**

**MOORE, J.**—Defendant Phyllis McKinney appeals a judgment in favor of plaintiff Steve Whittington following a court trial. Whittington alleged

McKinney wrongfully caused a notice of default and election to sell under a deed of trust to be recorded against his property. McKinney claimed she was the assigned holder of a note and trust deed against the property which was in default.

Following trial, the court ruled as follows: (1) the note and deed of trust were deemed paid by Whittington and canceled; (2) the assignment of the note and trust deed to McKinney by the Federal Deposit Insurance Corporation (FDIC) was deemed null and void; (3) McKinney was ordered to deliver the original note and deed of trust to the court; (4) McKinney was ordered to cooperate with Whittington and the title company to effectuate the court's ruling; (5) Whittington was entitled to relief on his causes of action for a permanent injunction and for cancellation of cloud on title; he was not entitled to relief on his causes of action for slander of title, intentional infliction of emotional distress, or violation of Civil Code section 2941 requiring a mortgagee or his assignee to execute a certificate of discharge and provide a full reconveyance upon payment of the note; and (6) neither party should recover attorney's fees from the other.

McKinney appeals contending the court erred by: (1) failing to issue a written statement of decision; (2) admitting evidence on issues that had previously been adjudicated; (3) denying her motion for judgment; and (4) ordering the clerk of the court to execute a deed on her behalf. She also contends the judgment is not supported by the evidence.

Whittington cross-appeals contending the court erred by: (1) ruling that McKinney's slander of title was privileged; (2) holding that McKinney's good faith was a defense to the cause of action under Civil Code section 2941; (3) determining that section 2941 does not apply to an assignee; (4) finding notice under section 2941 was required prior to the lawsuit and that Whittington did not give McKinney notice; and (5) not awarding Whittington attorney's fees and costs.

I

THE FAILURE TO ISSUE A WRITTEN STATEMENT OF DECISION[1]

McKinney contends the trial court erred by failing to issue a written statement of decision. The court stated it had a "strong bent towards making very detailed findings of fact at the conclusion of the trial in a nature of a statement of decision . . . ." And the court recognized that, "Obviously, for

[1]We do not recite the underlying facts in part I, the published portion of this decision, because they do not affect that discussion or decision.

judges who don't give detailed findings at the conclusion of the trial there's no danger. They just say 'judgment for' or 'judgment against,' and they just let the Court of Appeals [*sic*] review the transcript." But when McKinney's counsel requested a written statement of decision, the court concluded the oral proceedings and the reporter's transcript would suffice.

In a classic understatement, the court noted its procedure is "somewhat nonstatutory." Despite recognizing that a written statement of decision was required, the court stated, "Everything I've done up to now is the statement of decision, all of the sessions in which I've said this is a statement of decision. So . . . neither of you needs to make a request for . . . the transcript within ten days. You don't have to make that choice until 40 or 50 days. It's entirely up to you. [¶] The statement of decision has been done. It has been oral. It has been reduced to writing, and it will be reduced to writing on anyone's request. The local Court of Appeals [*sic*], of course, is quite familiar with Bob's special little procedure because I send them about two or three of these a week, and so they know how it works, and they don't expect to see a written document like this entitled statement of decision."

The trial judge was mistaken. We do expect one document setting forth the court's statement of decision.

Code of Civil Procedure section 632[2] provides: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial." Accordingly, the trial court must prepare a statement of decision if one is requested. (*J. T. Jenkins Co.*v. *Kennedy* (1975) 45 Cal.App.3d 474, 482 [119 Cal.Rptr. 578]; 7 Witkin, Cal. Procedure (3d ed 1985) Trial, § 397, p. 404.) And, an oral request for a statement of decision is permissible. (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 284 [268 Cal.Rptr. 83].)

The history, purpose and importance of a statement of decision are clear. Section 632 originally required written findings of fact and conclusions of law. (See Historical Note, 16A West's Ann. Code Civ. Proc. (1976 ed.) § 632, p. 28.) Findings were considered fundamental to the decisionmaking process. (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 368, p. 373.) "The right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the constitution. [Citation.] The code provision requiring written findings of fact is for the benefit of the court and the parties. To

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

the court it gives an opportunity to place upon [the] record, in definite written form, its view of the facts and the law of the case, and *to make the case easily reviewable on appeal* by exhibiting the exact grounds upon which judgment rests. To the parties, *it furnishes the means, in many instances, of having their cause reviewed without great expense*. It also furnishes to the losing party a basis of his motion for a new trial; he is entitled to know the precise facts found by the court before proceeding with his motion for new trial, in order that he may be able to point out with precision the errors of the court in matters either of fact or law. [Citation.]" (*Frascona* v. *Los Angeles Ry. Corp.* (1920) 48 Cal.App. 135, 137-138 [191 P. 968], italics added; see also *R. E. Folcka Construction, Inc.* v. *Medallion Home Loan Co.* (1987) 191 Cal.App.3d 50, 53 [236 Cal.Rptr. 202].)

When a party requests a statement of decision, it must be prepared, and the failure to do so is reversible error. (See *In re Marriage of Ananeh-Firempong, supra,* 219 Cal.App.3d at p. 282; *Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 [210 Cal.Rptr. 114].)

The trial court advised the parties that "if you would like to have a written document like that entitled statement of decision, then what you do is order a copy of the reporter's transcript, all three or four or five of those sessions, it will be entitled statement of decision, and I will just simply engross it as the statement of decision, signing it at the bottom, and then that becomes the statement of decision, essentially, for purposes of appeal, which is the principal reason for a statement of decision." We agree with appellant's counsel that it is almost impossible to work with the reporter's transcript as the statement of decision in a case of this length. Furthermore, it is neither practical nor fair to require a litigant to purchase the entire transcript in order to determine, within 60 days, whether there is a reasonable basis for appeal.[3] Unless the court complies with its obligation under section 632, the losing party will be deprived of its right to know the precise facts found by the court and the exact grounds upon which the judgment rests.

The failure to comply with the statutory requirement of a written statement of decision is equally unfair to this court. "Were we . . . to condone a total or even a material failure by trial courts to observe the prescribed procedure for revealing the basis for their respective decisions, we would be thrusting a quite substantial burden upon the litigants and also upon the appellate courts. At the outset of virtually every appeal of such a case, there would emerge a threshhold question as to precisely what were the 'principal

---

[3]At oral argument, appellant's counsel advised this court that the reporter's transcript cost $1,340. It borders on the oppressive to require a party to expend such money merely to determine whether grounds for an appeal exist.

controverted issues at trial.' It is ineluctable that such a classification could most easily be made by the trial judge. More importantly, where a request for a statement of decision has been made and an inadequate statement or no statement whatsoever has been provided, then each appeal is inevitably based upon what is tantamount to a claim that the judgment is not supported by substantial evidence. This in turn requires both the litigants and the appellate court to conduct an examination of the entire record in order to properly review the trial court decision." (*Miramar Hotel Corp.* v. *Frank B. Hall & Co.*, *supra*, 163 Cal.App.3d at p. 1130.)

The trial court insisted upon its "special little procedure" in contravention of section 632, while recognizing that this particular case "is excruciating from a decision-maker's point of view." While that may be true, both for the trial court and for this court, it does not excuse the court from its obligation to comply with the law. The purpose of section 632 is to create "a comprehensive method for informing the parties and ultimately the appellate courts of the factual and legal basis for the trial court's decision" by requiring the trial court to issue a statement fairly disclosing its determination of all material, factual issues involved in the action. (*Miramar Hotel Corp.* v. *Frank B. Hall & Co.*, *supra*, 163 Cal.App.3d at p. 1128.)

The court's own explanation of its "somewhat nonstatutory" procedure demonstrates its unfairness. According to the court, the written statement would consist of "the court reporter's transcript of those two sessions, the 631.8 statement of decision, the statement of decision yesterday and I suspect since oral argument here is not just clean oral argument, because we have a discussion, this part may be considered a statement of decision, although I'm not real sure. Certainly my ruling which will be on the record, even if it is over the phone, will be a statement of decision, so all three of those transcripts . . . and any other transcript of any ruling where I made factual findings and made decisions of controverted issues of law, like some of the earlier motions, all of that will then become the statement of decision which either of you can request to have transcribed if you wish a written statement of decision."

Throughout the trial, the court variously referred to: its "ruling," then its reluctance to rule "without a statement of decision"; its "findings"; the fact that it was making "a relatively strong tentative decision," then "more than a tentative . . . really a fairly strong position"; and to its "theory." At times the court appeared to render a decision, then apparently chose not to rule. The court discussed what appeared to be findings, then stated, "That, of course, is not what I'm finding." At one point, while purporting not to render a decision, the court stated it would be "less than honest" if it did not advise the parties "that's what I had concluded . . . ." And once the court pur-

ported to render a statement of decision, then added, "There are a few more things to say . . . and I will, in fact, amend the statement of decision by adding just one or two other things. . . ." What the court intended to add, and whether it did so, is unclear.

Under the statutory scheme, when it is properly adhered to, any party "affected by the judgment" may serve and file objections to the proposed statement or judgment within 15 days after the proposed statement or judgment has been served. (Cal. Rules of Court, rule 232(d).) Where, as here, the "statements" of decision are purportedly interspersed throughout the reporter's transcript, and where no proposed statement is prepared, the party affected by the judgment is deprived of the right to file objections.[4] In addition, where a statement of decision fails to resolve a controverted issue or is ambiguous and the record reveals that the omission or ambiguity was brought to the attention of the court, it may not be inferred on appeal "that the trial court decided in favor of the prevailing party as to those facts or on that issue." (§ 634.) Here, it is virtually impossible to tell whether the court's various "statements" throughout the 10-day trial resolved all controverted issues. Were we to uphold the court's procedure, we would be obliged to make implied findings in favor of the prevailing party. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 [275 Cal.Rptr. 797, 800 P.2d 1227]; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 649 [253 Cal.Rptr. 770].)

Thus, the record amply demonstrates the impracticality, futility, and unfairness of the trial court's "procedure." We frown on its use or the use of any short-hand method designed to avoid the mandate of section 632 requiring a *statement of decision* fairly disclosing the court's determination of all material, factual issues involved in the action. Any continued use of such procedures can only be construed as a refusal to comply with section 632, which will require a reversal.[5]

■ There is no question appellant's counsel timely requested a written statement of decision. However, the court stated counsel had waived his right to a written statement. Under the facts as revealed by the record, we are compelled to agree.

A party may waive his or her right to a written statement of decision. Section 632 provides that "[t]he statement of decision shall be in writing,

---

[4]We do not mean to discourage a trial judge from explaining his or her holdings and rulings throughout a trial. This may be helpful to a party in preparing a statement of decision. Such intermittent pronouncements, however, cannot be used as a substitute for the section 632 statement.

[5]The preparation of a statement of decision should place no extra burden on the trial courts. A party may be, and often should be, required to prepare the statement.

*unless the parties appearing at trial agree otherwise.*" (Italics added.) Early in the proceedings, the trial court outlined the procedure it would follow. Later, when the court stated, "we all agreed" to that procedure, appellant's counsel responded, "Uh-huh." Later, the court stated that "as you have agreed in the outset of the trial in my office, you agreed that the procedure would be oral statement of decision with a question-answer period following and then the reporter's transcript is the written statement of decision should you want it." Counsel said, "That's fine." When the court concluded the right to a written statement had been waived, counsel responded, "Fine." At no time did appellant's counsel object to the procedure or otherwise insist on his right to a written statement of decision. Accordingly, while we deplore the procedure adopted by the court, we reluctantly conclude the right to a written statement of decision was waived here.

### II - IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

Sills, P. J., and Crosby, J., concurred.

A petition for a rehearing was denied October 17, 1991, and the petition of appellant Steve Whittington for review by the Supreme Court was denied December 18, 1991.

---

*See footnote, *ante*, page 123.