[No. A095036. First Dist., Div. Three. Aug. 13, 2002.]

BAY WORLD TRADING, LTD., Plaintiff and Respondent, v.
NEBRASKA BEEF, INC., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I and part II.

**COUNSEL**

Weisberg & Miller, Craig S. Miller and Kenneth J. Sperandio, Jr., for Defendant and Appellant.

Spiegel Liao & Kagay, Charles M. Kagay and Bartholomew Lee for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—Nebraska Beef, Inc. (Nebraska Beef) appeals from a judgment entered against it following the bench trial of a breach of contract action. Nebraska Beef claims: (1) the trial court abused its discretion in denying Nebraska Beef's request to reopen discovery or for a continuance of the trial; (2) insufficient evidence supports the findings on causation and damages; and (3) the court exceeded its authority when it amended the statement of decision to award prejudgment interest. We reject each of these arguments and affirm the judgment. In the published portion of the opinion, we hold that when the trial court seeks a waiver of the statutory requirements set forth in Code of Civil Procedure section 632 for preparing a statement of decision, the court must clearly explain the alternative procedure it proposes. If the alternative procedure will deprive the parties of their statutory rights to file objections, the record must disclose their express consent to surrender such rights.

BACKGROUND

Nebraska Beef operates a slaughterhouse in Omaha, Nebraska, from which it produces meat products for human consumption. On July 2, 1996, Bay World Trading, Ltd. (Bay World), a distributor of meat products, entered into a contract with Nebraska Beef. Bay World agreed to purchase 12 "full container loads" of frozen beef tripe (weighing 45,000 pounds each) at a cost of 20 cents per pound, with shipment to begin in September. The purchase order noted this price reflected a discount of 5 cents per pound

from a previous agreement. Later that month, Bay World arranged to sell four of these containers to Pekpol, a company located in Poland. When the shipment reached Poland in October or November of 1996, Polish inspectors rejected it due to spoilage of the meat. Bay World discarded three of the tripe containers in Poland and attempted to sell the remaining container to a customer in China, but the Chinese customer also rejected the meat due to spoilage.

Having satisfied itself that the spoilage did not occur due to temperature control problems in the railroad or shipping transport of the tripe, Bay World confronted Nebraska Beef about the problem and eventually sued Nebraska Beef for breach of contract, misrepresentation, breach of warranties and negligent performance of contract. After a bench trial, the court found Nebraska Beef's improper processing was responsible for the spoilage of the tripe and awarded Bay World damages totaling close to $125,000. The court later amended its statement of decision, upon motions from Bay World, to include an award of prejudgment interest.

## DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Trial Court Had the Power to Correct the Statement of Decision*

Finally, Nebraska Beef contends the trial court erred in amending its statement of decision to include prejudgment interest. ██ Based on two procedural arguments,[3] Nebraska Beef claims the original statement of decision was "final" and the court had no power to change it before entry of judgment.

Near the end of the two-day trial, the court suggested a streamlined procedure for preparing the statement of decision. The court stated: "[W]hat I'm going to suggest is that each side prepare a proposed statement of decision. We will set a date when that would be due, and then the opposing party would have whatever number of days, say up to ten—shorter if you

---

*See footnote, *ante,* page 135.

[3]Nebraska Beef raised no substantive argument on this issue in its opening brief on appeal, though it did dispute Bay World's right to prejudgment interest in the reply brief. We decline to consider this belated argument. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 [93 Cal.Rptr.2d 364] [" ' "[P]oints raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before . . . ." ' [Citations.]"].)

think you can do it—whereby you could send me an objection to the other side's statement. And then we would forget the regular rules and statute, or you would waive the rules . . . and the statute on statements of decision. [¶] I would have both of your positions, your recognized opposition to the other side, and then I would be filing my statement of decision along with the proposed judgment to give you three days to just look it over as to form. And then the judgment would be filed. And this will condense the time. . . . [¶] And then once I get each of your oppositions, then I of course have 90 days." The parties agreed to the court's suggestion and accordingly submitted proposed findings and responsive briefs. Thereafter, apparently with no prior notice to the parties, the court filed a statement of decision, in which it awarded Bay World close to $125,000 in damages but declined to award punitive damages or prejudgment interest.

What the court intended by its proposed alternative procedure under Code of Civil Procedure section 632 then became the subject of dispute. Fourteen days (10 court days) after the court filed its statement of decision, Bay World filed a motion requesting that prejudgment interest be included. Nebraska Beef objected to this motion as an improper attempt to amend the court's final decision. Ultimately, after several briefs and hearings on the issue, the trial court issued an amendment to the statement of decision, awarding Bay World prejudgment simple interest totaling close to $41,000. Three days later, the court entered a judgment in accordance with the statement of decision as amended.

 Nebraska Beef first argues the court had no authority to amend its statement of decision because it was bound by the alternative procedure to which the parties stipulated. Code of Civil Procedure section 632 requires the court to issue a statement of decision "explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial" when a party requests such a written statement within 10 days after the court has announced a tentative decision. After a party submits such a request, specifying the controverted issues upon which written findings are requested, all parties have a right to submit proposals regarding the content of the statement of decision. (Code Civ. Proc., § 632.) In general, such proposals must be submitted to the court within 10 days after a statement of decision is requested, and the court (or a party designated by the court) then has 15 days to prepare a proposed statement of decision and proposed judgment. (Cal. Rules of Court, rule 232(a)-(c).) Within 15 days after service of the proposed statement of decision and proposed judgment, the parties may file objections. (Cal. Rules of Court, rule 232(d).)

According to Nebraska Beef, the trial court's request for proposed statements of decision after the trial essentially skipped over the statutory

requirements that (1) the court announce a tentative decision, and (2) a party formally request a statement of decision. Then, because the court filed its statement of decision and proposed judgment after the parties presented objections to each other's proposed statements and *did not* specify that the parties would have an opportunity to object to the court's own statement, Nebraska Beef contends the court's statement of decision was final, pursuant to the Code of Civil Procedure, and not subject to further amendment. Moreover, Nebraska Beef asserts, the parties stipulated to an alternative statement of decision procedure that did not permit either party to file objections to the court's statement of decision.

If the trial court intended to abrogate the parties' statutory rights to object to the court's statement of decision, the court should have made this absolutely clear when it sought the parties' approval of its proposed alternative procedure. The ability to submit a proposed statement of decision in advance is no substitute for an opportunity to object to the court's own statement of decision: "Code of Civil Procedure section 634 and California Rules of Court, rule 232, taken together, clearly contemplate any defects in the trial court's statement of decision must be brought to the court's attention through specific objections to the statement itself, not through a proposed alternative statement of decision served prior to the court's issuance of its own statement. By filing specific objections to the court's statement of decision a party pinpoints alleged deficiencies in the statement and allows the court to focus on facts or issues the party contends were not resolved or whose resolution is ambiguous. A proposed alternative statement of decision . . . does not serve these functions and does not satisfy the requirements of Code of Civil Procedure section 634 and California Rules of Court, rule 232." (*Golden Eagle Ins. Co. v. Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1380 [25 Cal.Rptr.2d 242].)

The trial court here did not clearly state that the parties would be precluded from submitting objections to the court's statement of decision.[4] To the contrary, the court stated the parties would have three days to "look over" the statement of decision and proposed judgment "as to form"; thus, Bay World may have reasonably concluded the alternative procedure to which it had agreed did not preclude it from objecting to the absence of prejudgment interest in the court's decision. The parties' stipulation did not expressly preclude such an objection, and the trial court did not err in

---

[4]Though Nebraska Beef repeatedly calls the court's filing a "final statement of decision," the document was simply captioned a "Statement of Decision."

considering it.[5] Moreover, Nebraska Beef suffered no prejudice because it had a full opportunity to address the merits of Bay World's claim to prejudgment interest and did so in numerous briefs.

■ Nor did the court err when it ultimately decided to amend its statement of decision. Relying on Code of Civil Procedure section 664, Nebraska Beef insists the clerk of the court was statutorily required to enter judgment immediately upon the court's filing of its statement of decision. This argument, of course, begs the question of whether the statement of decision issued by the trial court must be construed as final. A statement of decision issued by the court cannot automatically constitute a final decision for purposes of entry of judgment, as Nebraska Beef suggests, because Code of Civil Procedure section 632 and California Rules of Court, rule 232 contemplate that a court may amend its statement of decision after it receives objections from affected parties. Because judgment had not yet been entered, the trial court had inherent power to amend its statement of decision to award prejudgment interest. Even after a court has issued a written decision, the court retains the power to change its findings of fact or conclusions of law until judgment is entered. (*Phillips v. Phillips* (1953) 41 Cal.2d 869, 874-875 [264 P.2d 926].) "Until a judgment is entered, it is not effectual for any purpose (Code Civ. Proc., § 664), and at any time before it is entered, the court may change its conclusions of law and enter a judgment different from that first announced. [Citations.] Moreover, a judge who has heard the evidence may at any time before entry of judgment amend or change his findings of fact. [Citations.]" (*Id.* at p. 874.)

## DISPOSITION

The judgment is affirmed. Appellant shall bear costs of the appeal.

Corrigan, Acting P. J., and Pollak, J., concurred.

---

[5]*Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 129-130 [285 Cal.Rptr. 586] does not support Nebraska Beef's position because the appellant in *Whittington* agreed to waive the right to a written statement of decision. As discussed, given the trial court's ambiguous description of the proposed alternative procedure, Bay World did not clearly waive its right to file objections.