Filed 1/7/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WARWICK CALIFORNIA CORP. et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>APPLIED UNDERWRITERS, INC., et al.,<br><br>Defendants and Appellants. | A155523<br><br>(San Francisco City & County Super. Ct. No. CGC-16-551614) |

This case arises out of a dispute over payment for workers' compensation insurance.  Plaintiffs are six companies affiliated with the Warwick Hotel chain (collectively, Warwick).  Defendants include several companies affiliated with Applied Underwriters, Inc. (collectively, Applied).  The trial court stayed the action based on inconvenient forum as to all plaintiffs with the exception of two Warwick companies that are incorporated in California (the California plaintiffs).  In 2018, a court trial was held to hear the California plaintiffs' claims and Applied's cross-claim for breach of contract. The court found that neither side proved the damages elements of their claims.  Applied filed a notice of appeal from the court's statement of decision (SOD), which is not a judgment or an appealable order.  Accordingly, we will dismiss this appeal.

**BACKGROUND**

Warwick's operative first amended complaint was filed in May 2016.  In addition to the Applied defendants, Warwick sued Willis of New York, Inc., which is an insurance brokerage firm, and 50 Doe defendants. Warwick alleged nine causes of action against various combinations of defendants, seeking damages and equitable relief based on

1

theories of breach of contract, fraud and unfair business practices. As support for these claims, Warwick alleged the following facts: Warwick used Willis as their broker to procure workers' compensation insurance. In June 2013, Willis presented Warwick with a quote for purchasing insurance from the Applied defendants. Defendants made representations to Warwick about the nature of the insurance program that was being offered to Warwick. Based on those representations, Warwick entered into a contract to purchase workers' compensation insurance for a three-year period, from June 14, 2013, through June 14, 2016. One policy, issued by defendant California Insurance Company, covered Warwick employees in California and Texas. Another policy, issued by a different Applied defendant, covered employees in New York and Colorado.

According to the complaint, on June 19, 2013, five days after Warrick's insurance coverage went into effect, Applied presented Warwick with a "Reinsurance Participation Agreement" (RPA), which constituted an adhesion contract and which Warwick had no choice but to accept. Thereafter, Applied used new criteria disclosed for the first time in the RPA to adjust claims made against the Warwick policies in a way that significantly increased costs to Warwick. Furthermore, Applied refused to correct the inflated invoices and attempted to coerce Warwick to admit that the incorrect invoices were accurate by threatening to deprive Warwick of insurance coverage it was required by law to provide to its employees and by charging "enormous and unconscionable cancellation fees under the RPA."

In June 2016, Applied filed a motion to stay this action on the ground of inconvenient forum under Code of Civil Procedure, section 418.10 (section 418.10).[1] The motion was based on a forum selection clause in the RPA, which required that claims relating to the RPA be filed in Nebraska, where defendant Applied Underwriters, Inc. was incorporated. Applied argued that Warwick's workers' compensation insurance program was a "significant, multifaceted commercial transaction," involving employees in New York, Colorado, Texas and California, and that "[t]he California portion [of the

---

[1] Statutory references are to the Code of Civil Procedure.

program] was . . . by far the smallest component, representing only 5 percent of the total payroll at issue." Therefore, Applied requested the following order: "The Court should stay this action in its entirety and direct Warwick to file its lawsuit in Nebraska. Depending upon developments in that case, the Court may later dismiss claims in this action or lift the stay."

In October 2016, the superior court granted Applied's motion for a stay based on inconvenient forum as to all plaintiffs except for the two California plaintiffs, with respect to which the motion was denied. The order states: "As to all plaintiffs except [the California plaintiffs], there is an adequate forum for the claims of those plaintiffs (either in the states [where] their workers are located or in Nebraska), the laws of those other states apply, California has no interest in the issues raised by those plaintiffs and the other states have a strong interest in those issues. As to [the California plaintiffs], California law applies and application of California law renders both the entire RPA and the forum selection clause therein unenforceable due to [defendant Applied Underwriters Captive Risk Assurance Company's] non-compliance with Insurance Code 11658."

Applied filed a petition for writ of mandate in this court challenging the denial of its motion to stay proceedings as to the California plaintiffs. However, their petition was denied in January 2017.[2]

In 2018, the California plaintiffs' case was assigned for a bench trial in San Francisco County. The trial court granted a motion in limine to exclude evidence pertaining to "Warwick's non-California entities" because that part of this case had been stayed and, as the court observed, Applied had subsequently filed suit against Warwick in Nebraska. Acknowledging the broad sweep of its in limine ruling, the court stated: "It may be that damages can be allocated or appointed between California and non-California Warwick entities; the trial evidence will determine that."

On August 17, 2018, the court signed a relatively brief SOD, which was filed that same day. The court began by finding that the California plaintiffs had abandoned all

_____

[2] We grant Applied's Request for Judicial Notice of their writ petition and this court's order denying that petition.

3

non-contract claims by failing to address them at trial, that Applied's cross-complaint was solely for breach of contract, and, therefore, that "this was a breach of contract trial." Then the court found that "neither side proved damages with reasonable certainty at trial and thus failed to prove their breach of contract claims." According to the SOD, this finding was supported by undisputed evidence establishing three key facts. First, the workers' compensation insurance Applied sold to Warwick "was not sold or priced on a per-entity basis," but instead, all Warwick entities were in "one national Warwick risk pool." Second, the California plaintiffs did not "contract to pay a percentage of the RPA monies due to [Applied] from Warwick," but instead, all Warwick entities made payments "together." Finally, the California plaintiffs were not "due back a percentage of any RPA overages" because "all Warwick entities were treated together."

The SOD concluded: "In sum, this trial was limited to Warwick's California entities only, and the trial determined that damages cannot be 'allocated or apportioned between California and non-California Warwick entities.' Because both sides failed to prove the essential element of damages, their arguments on other elements of contract breach need not be reached." Moreover, the court found, because neither party proved any claim at trial, there was no prevailing party and thus no award of costs or attorney fees.

## DISCUSSION

Applied concedes "[t]here is no judgment in this case." They contend, however, that the SOD is a final judgment within the meaning of section 904.1, subdivision (a)(1). Alternatively, Applied requests that we treat their opening brief as a petition for a writ of mandate. The California plaintiffs do not address these issues at all but instead ask us to "affirm the trial court's decision and deny Applied's appeal."

"The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 (*Jennings*).) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2011) 25 Cal.4th 688, 696 (*Griset*).) Moreover, "the right to appeal is strictly statutory, and a

4

judgment or order is not appealable unless made so by statute." (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.)

Consistent with these settled rules, " '[a]n attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.' " (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.) Whether or not the opposing party makes a jurisdictional objection, "[a] reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings, supra,* 8 Cal.4th at pp. 126–127; see also *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 221–222 [" '[I]t is the duty of an Appellate Court on its own motion to dismiss an appeal from an order which is not appealable' "].)

In this case, Applied posits, with little analysis, that the SOD is appealable because it is essentially a final judgment. We disagree.

A judgment is final within the meaning of section 904.1, subdivision (a)(1) " ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' " (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) "The general rule is that a statement or memorandum of decision is not appealable. [Citations.] The rule's practical justification is that courts typically embody their final rulings not in statements of decision but in orders or judgments." (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.) Thus, an appellate court will treat a statement of decision as appealable only when it "is signed and filed and does, in fact, constitute the court's final decision on the merits." (*Ibid.*)

The test of finality focuses on the " 'the substance and effect' " of the ruling; " 'where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Griset, supra*, 25

5

Cal.4th at p. 698; see also *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)

In the present case, the SOD does not pass the test of finality. It is a limited ruling on a discrete issue. Most of this case was stayed pending resolution of material claims in a different, more appropriate forum. The only aspect of this case that was not stayed was the claims that the California plaintiffs could assert personally or that could be asserted directly against them. The court trial established that no such claims existed, in "that damages cannot be 'allocated or apportioned between California and non-California Warwick entities.' " After considering the evidence, the court rejected the liability theory that each Warwick plaintiff had separate, divisible contractual rights and obligations, but it did not reach any conclusion as to the rights and obligations of the plaintiffs as a group because most of the case was stayed.

We find nothing in the appellate record (which was prepared by Applied) to suggest that the order staying most of this action is no longer in effect or necessary. The SOD itself notes that Applied has sued the Warwick plaintiffs in Nebraska, and while that action may be against only the non-California Warwick entities, it could nonetheless affect the California plaintiffs' rights and obligations, vis-à-vis Applied. Once that litigation is completed, the trial court in this case can make a final determination regarding any rights or obligations that the California plaintiffs may have as part of the Warwick group. In the meantime, the SOD is not a final judgment.

Applied contends that the fact that claims by the non-California plaintiffs have not been resolved is irrelevant because a final judgment may be " 'given for or against one or more of several plaintiffs.' " (Quoting § 578.) However, in this case, the court did not give judgment, final or otherwise, for or against any party. Instead, it issued a statement of decision finding that the California plaintiffs failed to prove that, *as individuals*, they suffered cognizable damages and that Applied also failed to prove that the individual California plaintiffs caused Applied to suffer cognizable damages. These discrete findings do not finally resolve the dispute alleged in the operative pleadings because, as explained, the scope of the court trial was explicitly limited by the parameters of the stay

6

order, which, by all accounts, covers most of this action and is still in place. Moreover, even as to the issues that were decided in the SOD, "the court retains the power to change its findings of fact or conclusions of law until judgment is entered." (*Bay World Trading, Ltd. v. Nebraska Beef, Inc.* (2002) 101 Cal.App.4th 135, 141.)

Our conclusion is reinforced by rule 3.1591(a) of the California Rules of Court, which states: "When a factual issue raised by the pleadings is tried by the court separately and before the trial of other issues, the judge conducting the separate trial must announce the tentative decision on the issue so tried and must, when requested under Code of Civil Procedure section 632, issue a statement of decision as prescribed in rule 3.1590; but the court must not prepare any proposed judgment until the other issues are tried, except when an interlocutory judgment or a separate judgment may otherwise be properly entered at that time." Here, the court trial was limited to discrete issues involving the California plaintiffs. After that trial was completed, the court issued a statement of decision but did not prepare a proposed judgment, thus signaling that judgment cannot be entered until other issues are decided in their proper forum. Once that happens, the stay can be lifted in this case, a final judgment can be entered, and the parties will have an opportunity to appeal.

Finally, Applied requests that we treat their opening brief as a petition for extraordinary relief, but they make *no* effort to demonstrate they are entitled to such relief. Although we have the power to treat "the purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) " 'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders.' [Citation.] 'Strong policy reasons underpin the one final judgment rule, and the guidelines for "saving" appeals from nonappealable orders. The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders.' " (*San Joaquin County Dept of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 301.)

7

Under the circumstances presented here, treating " 'the instant appeal as a writ application would obliterate that bright line and encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be "saved by the appellate courts."  We cannot condone or encourage such practice.' "  (*Ibid*.)

## DISPOSITION

The appeal is dismissed.  The parties are ordered to bear their own costs.

                                       _____

                                       TUCHER, J.

WE CONCUR:


_____

POLLAK, P. J.


_____

STREETER, J.

*Warwick California Corp. et al. v. Applied Underwriters, Inc. et al.* (A155523)

| | |
|---|---|
| Trial Court: | City and County of San Francisco Superior Court |
| Trial Judge: | Hon. Richard B. Ulmer, Jr |
| Counsel for Appellants: | Hinshaw & Culbertson LLP; Spencer Y. Kook, Travis Wall, Kent R. Keller |
| Counsel for Respondents: | Larry J. Lichtenegger, and Roxborough, Pomerance, Nye & Adreani; Nicholas P. Roxborough, Joseph Christopher Gjonola |