Filed 11/22/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| Z.V.,<br><br>        Appellant,<br><br>v.<br><br>CHERYL W.,<br><br>        Respondent. | A166178<br><br>(Alameda County Super. Ct.<br>No. RF08424606) |

At the conclusion of a long cause hearing, the trial court issued an oral statement of decision granting grandparent visitation under Family Code section 3102 and rejecting the mother's challenges to existing visitation orders. The mother filed a notice of appeal on a date that was beyond the 60-day deadline for filing such notices. (See Cal. Rules of Court, rule 8.104(a)(1)(B).[1]) Though the time for filing a notice of appeal may be extended to 90 days after the first notice of intention to move to vacate the order is filed (rule 8.108(c)(2)), this does not assist the mother because she failed to file her notice of appeal during that time frame. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

**FACTUAL AND PROCEDURAL BACKGROUND**

J.W. (Minor) was born to Z.V. (Mother) and Jeremy W. (Father) in 2008. Father passed away in December 2015. Soon thereafter, the mother of Father, Cheryl W. (Grandmother), filed requests to be joined to the family

---

[1]     All further rule references are to the California Rules of Court.

law matter and sought custody of Minor. Though Grandmother helped raise Minor since birth and alleged she was her primary custodian, Mother had been denying Grandmother's contact with her since Father's untimely death. The trial court awarded temporary sole legal and physical custody to Mother, granted Grandmother's joinder motion, and granted visitation to Grandmother.

In the years that followed, Mother and Grandmother regularly engaged in litigation over Grandmother's visitation. In 2018, the parties reached a settlement concerning visitation. Despite the settlement, conflict and litigation concerning Grandmother's visits continued. In February 2021, Mother filed a request to vacate the court's visitation order, indicating she had moved to Southern California. Grandmother filed a request for temporary emergency orders seeking to enforce visitation. The court set a long cause hearing.

At Mother's request, the trial court provided an oral statement of decision at the conclusion of the long cause hearing on April 5, 2022. Based on its findings, the court denied Mother's request to vacate all visitation orders and modified the existing order to allow one visit every other month, plus two weeks of nonconsecutive summertime visits. On June 15, 2022, the trial court filed a document entitled Findings and Orders After the Hearing (FOAH), which reduced its earlier oral statement of decision to writing. Grandmother served Mother with a notice of entry of order on June 23, 2022.

On May 12, 2022, Mother filed a notice of motion and motion to vacate the order and substitute a new judgment, or for a new trial, pursuant to Code Civil Procedure sections 657 and 663 (hereafter motion to vacate). She filed amended notices of motion and motions to vacate on May 27, 2022, and June

27, 2022. The trial court issued a written denial that was filed on September 9, 2022, and served on the parties on September 6, 2022.

On September 21, 2022, Mother filed her notice of appeal, which indicated the appeal was taken from judgment entered on June 15, 2022 following a court trial.

## DISCUSSION

As a threshold matter, we address whether Mother timely filed a notice of appeal. For the reasons below, we conclude she did not. (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 326 [" '[a] court has jurisdiction to determine its own jurisdiction' "].)

The record establishes that, at Mother's request, the trial court issued an oral statement of decision at the end of the long cause hearing on April 5, 2022. The trial court memorialized its statement of decision in its written FOAH filed on June 15, 2022, and Grandmother served Mother with a notice of entry of order on June 23, 2022. Mother, however, filed her notice of appeal on September 21, 2022, a date which was beyond the 60-day deadline in the California Rules of Court for filing such notices. (Rule 8.104(a)(1)(B).)

Given these circumstances, the question is whether rule 8.108 extends the 60-day deadline for filing the notice of appeal. Under that rule, the normal time for filing a notice of appeal is extended when a party "serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment." (Rule 8.108(c).) In that scenario, the time to file a notice of appeal is extended to the earliest of: "(1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first notice of intention to move—or motion— is filed; or (3) 180 days after entry of judgment." (Rule 8.108(c)(1)–(3).)

3

Here, Mother filed notices of motions to vacate orders on May 12, 2022, May 27, 2022, and June 27, 2022.[2] Ninety days after May 12, May 27, and June 27, is August 10, August 25, and September 25, respectively. Critically, the rule extends the time to appeal to "90 days after the *first* notice of intention to move—or motion—is filed." (Rule 8.108(c)(2), italics added.) Consequently, if either of the May notices is a valid "first" notice of motion, then Mother's notice of appeal is untimely because the appeal was filed more than 90 days after such notices.

Addressing this, Mother posits that the 90-day extension under rule 8.108(c)(2) should be calculated from the June 27 notice of motion. Relying on *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 150 (*Ehrler*), she argues the May 12 notice of motion was premature and therefore void because it was filed before entry of judgment. Mother, however, does not acknowledge her May 27 notice of motion. Though Grandmother seeks dismissal of the appeal as untimely, her respondent's brief inexplicably also argues the May 12 and May 27 notices were premature under *Ehrler*.[3] We are unpersuaded that the May 12 and 27 notices were premature and void.

Code of Civil Procedure section 659, subdivision (a)(1), provides that a party intending to move for a new trial must file a notice of intention to move for a new trial either: "(1) *After the decision is rendered and before the entry*

---

[2] All further dates in this part of the discussion without a stated year refer to 2022.

[3] We requested supplemental briefing regarding the effect of the April 5, 2022 statement of decision in determining whether the notice of appeal in this case was timely. In her supplemental brief, Grandmother no longer takes the position that the May 12 and May 27 notices were premature, suggesting instead that the notices were timely because the trial court provided an oral statement of decision in compliance with Code of Civil Procedure section 632 on April 5, 2022.

*of judgment.* [¶] (2) Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court . . . , or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest . . . ." (Italics added.) The same time limits govern a motion to vacate. (Code Civ. Proc., § 663a, subd. (a).)

At the time *Ehrler* was decided, the first enumerated deadline for moving for a new trial under Code of Civil Procedure section 659 was " '[b]efore the entry of judgment,' " and the deadline made no reference to the rendering of a decision. (*Ehrler, supra,* 126 Cal.App.3d at p. 152.) Examining this language, *Ehrler* indicated that while "[s]ection 659 allows a notice of motion to be filed prior to the entry of the judgment," a notice filed before a court actually renders a decision such that a party is aggrieved is premature and void. (*Ehrler,* at p. 152.) *Ehrler* went on to say: "In a court trial, rendition of judgment occurs when the court signs and files the findings, conclusions and the judgment." (*Ibid.*) In other words, *Ehrler* indicated that a "decision" is rendered in a court trial when judgment is rendered. (See 8 Witkin, Cal. Procedure (5th ed. 2008) Attack, § 55, p. 641, citing *Ehrler*.)

But *Ehrler* did not address a situation, such as in this case, where a party to a court trial requests and obtains a statement of decision. As relevant here, case law indicates "a decision is rendered *when the court files its statement of decision* or, if none was requested, when judgment is entered." (*Ochoa v. Dorado* (2014) 228 Cal.App.4th 120, 133, italics added; cf. *In re Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 793 ["a 'decision' . . . means the rendition of judgment which, in a court trial *where a statement of decision is waived*, means the 'signing and filing of judgment' "], italics added.)

5

As relevant here, Code of Civil Procedure section 632 provides:  "The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, *when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties*."  (Italics added.)  Here, the record establishes that Mother asked for a statement of decision, and the court obliged with an oral statement of decision at the end of the hearing on April 5.  The minute orders of the long cause hearing establish that less than eight hours had elapsed at the point that the court issued its oral decision, and Mother's briefing in the trial court concedes the point.

Notably, there was no objection to the oral statement of decision below.  Instead, in a brief filed by Mother below, she indicated the trial court "announced it would issue an *oral* [statement of decision], and [Mother] agreed, waiving a written [statement of decision]."  (Code Civ. Proc., § 632 ["The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise"]; *Whittington v. McKinney* (1991) 234 Cal.App.3d 123, 129–130 [right to a written statement waived].)  Additionally, Mother's May 12 notice of motion to vacate included a memorandum of points and authorities detailing many of the findings in the court's oral statement of decision:  "The findings, as stated in the [Statement of Decision], include: [¶] 1. [Mother] is a fit parent, as no one has argued otherwise and no evidence was submitted to the contrary.  [¶] 2. [Mother] has interfered with visits, particularly the summertime visits. . . .  [¶] 3. The reasons for interfering with visits were:  [¶] a. [Minor] getting a phone at the grandmother's house, . . .  [¶] b. and the grandmother was giving the child too many gifts or expensive gives [*sic*] . . . .  [¶] 4. Those reasons do not justify the 'prevention'

6

of summer visits, which was not reasonable and is not in the best interest of the child. [¶] 5. [Minor] has an important relationship with her grandmother. [¶] 6. [Mother] believes it is an important relationship[.] [¶] 7. The Court is not convinced that the relationship would not be put in jeopardy, given the conduct of [Mother] in the past, if there were no orders put in place for visitation with[] the grandmother." Mother went on to argue that these findings were unsupported by the evidence and that the court's decision was inconsistent with the law.

Thereafter, on June 15, the court filed the FOAH which reduced its oral statement of decision to writing. The FOAH was signed by counsel for Mother and Grandmother on a line that said "Approved as conforming to court order." Because neither of Mother's May 2022 notices of motion was premature or otherwise invalid, and because Mother filed her notice of appeal more than 90 days after filing these notices of motion, her appeal remains untimely. (Rule 8.108(c)(1)–(3).)

Additionally, we observe that a notice of intention to vacate must be filed *and served* in order for the extensions in rule 8.108(b) and (c) to apply. (Rule 8.108(b), (c); see rule 8.108(h) ["[a]n order or notice that is served must be accompanied by proof of service"]; Advisory Com. com., foll. rule 8.108 ["The date of the proof of service establishes the date when an extension of the time to appeal begins to run after service of such an order or notice."]; *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1279, fn. 6.) Here, the register of actions in the record indicates that a proof of service for the first amended notice filed on May 27 was filed on May 31. Even if we adjust the extended notice of appeal period based on the date of this proof of service, Mother's notice of appeal was filed more than 90 days after May 31.

Finally, Mother's supplemental brief contends that the trial court's September 9 written decision denying her motion to vacate "superseded the oral Statement of Decision provided in April" and that therefore she filed a timely appeal of that final Statement of Decision on September 21. (Boldface and italics omitted.) Because Mother provides no reasoned argument or legal authority to support her view that the decision denying her motion to vacate superseded the oral Statement of Decision, we deem this contention waived. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

In any case, Mother's claim that she appealed from the court's September 9 decision denying her motion to vacate is belied by her notice of appeal, which specifically indicates this appeal is taken from the June 15, 2022 judgment after court trial. Nowhere does the notice of appeal indicate this appeal concerns the denial of her motion to vacate. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239.)

In sum, Mother's notice of appeal, filed on September 21, 2022, is untimely because it was filed more than 60 days after Grandmother served Mother with a notice of entry of order on June 23, 2022. (Rule 8.104(a)(1)(B).) Though rule 8.108(c)(2) applies to extend the time to appeal to "90 days after the first notice of intention to move" to vacate the order is filed, the rule does not assist Mother because she first filed such a notice in May 2022, but filed her notice of appeal more than 90 days thereafter. Having reached this conclusion, we need not and do not address Grandmother's argument that Mother's third notice of motion to vacate the order, filed on June 27, 2022, was invalid.

Although Mother has requested oral argument, we have no jurisdiction and must dismiss this appeal due to the untimely filing of the notice of

8

appeal.  The effect of this dismissal is to leave the challenged order in place. (Code Civ. Proc., § 913; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 100.)

## DISPOSITION

The appeal is dismissed.  Grandmother is entitled to costs on appeal. (Rule 8.278.)

_____

Fujisaki, Acting P.J.

WE CONCUR:

_____

Rodríguez, J.

_____

Streeter, J.

9

Trial Court:        Alameda County Superior Court

Trial Judge:        Hon. Elena Condes

Counsel:            Law Office of Michael J. Bailey, Michael J. Bailey for
                    Appellant

                    Law Office of Bradley D. Bayan, Bradley D. Bayan for
                    Respondent

*Z.V. v. Cheryl W.* (A166178)