Filed 8/14/25  Lamor Res v. Hovannesian CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

LAMOR RES, INC.,

    Plaintiff and Appellant,

v.

ARMENAK HOVANNESIAN,

    Defendant and Respondent.

E083301

(Super.Ct.No. CIVDS1611442)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Reversed with directions.

Pope & Gentile and Daniel K. Gentile for Plaintiff and Appellant.

Law Offices of Diana J. Carloni and Diana J. Carloni for Defendant and Respondent.

1

Plaintiff and appellant Lamor Res, Inc. filed a civil complaint against defendant and respondent Armenak Hovannesian, alleging a single cause of action for breach of a written lease agreement (the Lease) as the result of unpaid rent. The case was tried over two days in a court trial resulting in a judgment in favor of defendant based upon the trial court's conclusion that the Lease had been modified by oral agreement. On appeal, we reversed the judgment on the basis that the trial court's factual findings were not sufficient to support the legal conclusion that the Lease had been modified, and we remanded the matter for reconsideration of the cause, preparation of a new statement of decision, and entry of a new judgment. (*Lamor Res*, *Inc. v. Hovannesian* (Oct. 28, 2022) E074197 (*Lamor*).)

Upon remand, the trial court again issued judgment in favor of defendant. In its new statement of decision, the trial court expressly found that the evidence did not support a finding that the Lease had been validly modified under Civil Code section 1698 but that defendant had established the affirmative defense of waiver to bar enforcement of the Lease. The trial court reasoned that the parties understood they had agreed to reduce the rent and, as a result, the doctrine of waiver barred plaintiff from "collect[ing] rent at the higher amount or any amount in excess of [the new amount] for the balance of the lease term."

Plaintiff again appeals, asserting that (1) the trial court did not make the necessary findings to apply the defense of waiver; (2) there was insufficient evidence to support a finding of waiver; and (3) the trial court erred in granting an award of costs to plaintiff

2

which included unrecoverable attorney's fees. We conclude that the judgment must be reversed because, even if the factual findings set forth in the statement of decision were supported by substantial evidence, the findings are legally insufficient to support the application of the affirmative defense of waiver, and the doctrine of implied findings cannot be utilized to cure the defect.

## II.  BACKGROUND

A. *Procedural History*

On July 15, 2016, plaintiff filed a civil complaint against defendant seeking recovery of unpaid rent pursuant to the Lease. According to the complaint, in 2011, defendant entered into the Lease with the owner of a commercial property (Lessor) located in Apple Valley, California. In October 2014, defendant breached the agreement by failing to pay the rent due under the Lease. And plaintiff obtained an assignment of Lessor's claim for unpaid rent in 2016.

The case was tried over two days in a court trial resulting in a judgment in favor of defendant based upon the trial court's conclusion that the Lease had been modified by oral agreement. We reversed this judgment on appeal, explaining that the trial court's factual findings, even if supported by substantial evidence, were not sufficient to support a valid modification of the Lease. (*Lamor*, *surpa*, E074197.) We explained that "[u]pon remand, the trial court may reconsider the cause, make any additional findings of fact necessary to resolve the issues contested at trial and issue a new statement of decision in

3

accordance with those findings."[1]  We also explained that the trial court had discretion to consider a request by defendant to amend the pleadings to include a cross-claim for return of his security deposit and to grant a new trial if the request to amend were granted. (*Lamor*, *surpa*, E074197.)

After issuance of the remittitur in the first appeal, defendant filed a motion to amend the pleadings to conform to proof at trial and motion to submit a new proposed statement of decision for the trial court's consideration.  The trial court denied both motions.

B.  *New Statement of Decision*

On January 3, 2024, the trial court issued a new statement of decision.  According to the trial court, the evidence showed defendant executed the Lease in 2011; the Lease provided that defendant would pay monthly rent in the amount of $7,500 for a term of five years; and defendant experienced financial difficulties and fell behind in his lease payments.  Sometime in 2013 or 2014, defendant approached a representative of Lessor for relief; the representative orally agreed to reduce the monthly rent to $5,500 on the condition that defendant repay the arrears that had accrued; and the representative memorialized this agreement in text messages as well as a written ledger.  As a result, a "new lease amount of $5,500 per month commenced on February 1, 2014," with the understanding that the parties would enter into a new written lease providing for this

---

[1]  We also explained that the trial court had discretion to consider a request by defendant to amend the pleadings to include a cross-claim for return of his security deposit and to grant a new trial if the request to amend were granted. (*Lamor*, *surpa*, E074197.)

4

amount. However, the representative of Lessor died before any new lease was prepared or executed.

A second representative for Lessor did not have knowledge of the prior representative's oral agreement but "acknowledged that the rent amount was reduced to $5,500 per month" upon being shown the text messages from the original representative and "agreed to honor the change in rent." After a period of time accepting the lower amount of rent, the new representative informed defendant that Lessor would only accept the lower amount for six months. In response, defendant insisted that the Lease had been modified to reflect the lower amount for the balance of the entire Lease term. In an attempt to resolve this conflict, the parties entered into negotiations to execute a new written lease but were unsuccessful.

Beginning in June 2014, Lessor began sending three-day notices to quit or pay each month in response to defendant's failure to pay the amount of rent specified in the written Lease. However, Lessor took no other action to regain possession of the property. In December 2015, defendant sold his business to a third party, and the third party executed a new lease with Lessor. In June 2016, Lessor assigned to plaintiff its rights to any claims against defendant under the Lease. In July 2016, plaintiff initiated the instant action seeking to recover the balance of unpaid rent due under the Lease.

After summarizing the evidence, the trial court explained that "[t]he salient issue" in the action was "whether or not the change in the amount of rent agreed to by Lessor . . . of $5,500 per month . . . was for the remaining term of the lease and is valid, notwithstanding Civil Code section 1698 and the lease provisions." It then concluded

5

that the "waiver provision of [Civil Code] [s]ection 1698(d) applies," relying on the fact that (1) the text messages sent by the original representative of Lessor was evidence "of the agreement to reduce the rent"; (2) testimony of witnesses suggested that the parties intended to enter into a new written lease reflecting the oral modification of the Lease by the original representative; (3) the second representative of Lessor "acknowledge[s] the change in rent and took no productive action to otherwise enforce the terms of the original Lease"; (4) the second representative's attempts to negotiate a new written lease "corroborates his acknowledgement that the existing lease had been modified"; and (5) "no legal action was ever taken by [Lessors] to actually evict [defendant]" despite serving three day notices to quit or pay rent "because [Lessor] knew that the rent had been reduced . . . for the balance of the term."

The trial court concluded that "[t]he great weight of the evidence establishes that (1) Lessor's successors did not believe rent at any rate higher than $5,500 per month was due"; (2) "Lessor did not have a good faith belief that the modified rent was only temporary"; (3) the evidence showed that Lessor "believed that no additional rent was due because of the agreement for modified reduced rent"; and (4) "[t]here is substantial evidence surrounding the circumstances that leads the Court to conclude that the agreement for a new rental amount was agreed to for the balance of the term by Lessor's successors and it waived any right to otherwise enforce the original written lease at the higher rental amount" "for the balance of the lease term."

C. *Judgment*, *Award of Fees and Costs*, *and Appeal*

The trial court entered judgment in favor of defendant the same day it issued its new statement of decision. On May 2, 2024, the trial court entered a post-judgment order awarding defendant costs and attorney's fees. Plaintiff appeals from the judgment and the post-judgment order.

## III. DISCUSSION

On appeal, plaintiff contends the judgment is erroneous because the trial court failed to make the necessary findings to support a waiver defense, and there was no evidence at trial to support the conclusion that Lessor waived its right to recover unpaid rent under the Lease. Plaintiff also contends the trial court erred in granting an award of attorney's fees as recoverable costs. We conclude that the judgment must be reversed because the statement of decision is defective both in its findings of fact and application of the law of waiver. Given this conclusion, we need not address the party's arguments regarding the trial court's award of costs and fees.

A. *General Legal Principles and Standard of Review*

"The modification of a written contract is governed by Civil Code section 1698, which states in pertinent part: '(a) A contract in writing may be modified by a contract in writing. [¶] (b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties. [¶] (c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration.' " (*Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56, 78.) "Proof of the modification must meet the test of Civil

7

Code section 1698" (*Coldwell Banker & Co. v. Pepper Tree Office Center Associates* (1980) 106 Cal.App.3d 272, 279, disapproved on another ground by *Barrett v. Bank of America* (1986) 183 Cal.App.3d 1362, 1371), and "[t]he written contract remains in effect to the extent it has not been modified" (*Conley v. Matthes* (1997) 56 Cal.App.4th1453, 1465).  However, nothing in Civil Code section 1698 precludes the application of equitable principles, such as waiver.  (Civ. Code, § 1698, subd. (d).)

"While reviewing a judgment based upon a statement of decision following a bench trial, the appellate court reviews the trial court's findings of fact under a substantial evidence standard.  [Citation.]  In applying the substantial evidence standard, an appellate court defers to a trial court's findings of fact by 'liberally constru[ing] [them] to support the judgment.'  [Citation.]  The court considers the evidence in the light most favorable to the prevailing party and draws all reasonable inferences in support of the findings.  [Citation.]  However, questions of law—such as the interpretation of a statute—are reviewed de novo." (*Jackson v. LegalMatch.com* (2019) 42 Cal.App.5th 760, 767; see *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

B.  *The Trial Court's Factual Findings Are Inadequate To Support a Waiver Defense*

In this case, the sole basis for the trial court's judgment in favor of defendant was based upon the affirmative defense of waiver.  Plaintiff argues that the trial court "made no finding . . . that any specific 'provision of a written contract' was waived."  We agree.

To be legally sufficient, a trial court's statement of decision must " 'fairly disclos[e] the court's determination as to the ultimate facts and material issues in the case.' " (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160,

1171; *Antelope Valley Groundwater Cases* (2020) 59 Cal.App.5th 241, 265.)  In this context, " ' "the term 'ultimate fact' generally refers to a core fact, such as an essential element of a claim" ' " and is to be " ' "distinguished from evidentiary facts and from legal conclusions." ' "  (*Ibid.*)

With respect to the defense of waiver, " ' "[w]aiver is the intentional relinquishment of a known right after knowledge of the facts." ' "  (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31.)  It "requires an existing right, the waiving party's knowledge of that right, and the party's 'actual intention to relinquish the right.' "  (*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 475.)  Generally, "[w]aiver is a question of fact [citation] and always is based upon intent."  (*Smith v. Selma Community Hospital* (2008) 164 Cal.App.4th 1478, 1506.)  Thus, the "ultimate fact" necessary to support the application of the defense is the alleged waiving party's *intent* to relinquish an otherwise enforceable right.  (*Miller v. Modern Motor Co.* (1930) 107 Cal.App. 38, 43 ["[T]he intent to waive the terms of the contract . . . is an ultimate fact to be inferred by the trial court from the course of conduct . . . ."]; *Park v. NMSI, Inc.* (2023) 96 Cal.App.5th 346, 357-358 [" ' " '[T]he pivotal issue in a claim of waiver . . . is the intention of the party who allegedly relinquished the known legal right.' " ' "], quoting *Wind Dancer Production Group, supra*, 10 Cal.App.5th at p. 78.)

Here, the trial court's statement of decision does not include any finding that Lessor held the intent to waive its known contractual right to collect the full amount of rent specified in the written Lease.  Instead, the trial court concluded that the Lessor's conduct and representations precluded Lessor (and plaintiff) from enforcing the terms of

9

the Lease under the doctrine of waiver, without making any finding that Lessor was motivated by an intent to waive.[2]  However, " '[a]ll case law on the subject of waiver is unequivocal:  " 'Waiver always rests upon intent.' " ' " (*Habitat Trust for Wildlife*, *Inc. v. City of Rancho Cucamonga* (2009) 175 Cal.App.4th 1306, 1320.)  Thus, because the defense of waiver must be premised upon the intent of the purported waiving party,[3] the trial court failed to make a finding with respect to the ultimate fact necessary to support application of the defense of waiver.  And the statement of decision is defective to the extent it purports to resolve the breach of contract claim based upon the affirmative defense of waiver without making the finding of ultimate fact necessary to support such a defense.  (See *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 984 [reversal for failure to make necessary factual finding to support waiver]; *Bohlert v. Spartan Ins. Co.* (1969) 3 Cal.App.3d 113, 120 [same].)

C.  *The Doctrine of Implied Findings Does Not Cure the Deficiency*

The absence of a necessary factual finding to support the judgment does not

---

[2]  The statement of decision expressly states:  "[T]he Court finds that [Lessor] waived any legal right to enforce the prior written lease at the higher rental amount by his conduct, including his representation . . . that he would honor the prior agreement reached between [defendant] and [Lessor] to lower the rent."

[3]  The necessity of intent is unique to the defense of waiver and differentiates it from related equitable defenses such as estoppel and forfeiture, which may bind a contracting party based upon his words and actions, even in the absence of intent. (*Lynch*, *supra*, 3 Cal.5th at pp. 475-476.)  Absent an intent to waive, a party's words or conduct may preclude enforcement of a contract under the defense of equitable estoppel, " 'which generally requires a showing that a party's words or acts have induced detrimental reliance by the opposing party.' " (*Campbell v. Sunshine Behavioral Health*, *LLC* (2024) 105 Cal.App.5th 419, 427.)

10

always require reversal. "Ordinarily, when the court's statement of decision is ambiguous or omits material factual findings, a reviewing court is required to infer any factual findings necessary to support the judgment." (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494 (*Ermoian*); *Orange County Water Dist. v. Alcoa Global Fasteners, Inc.* (2017) 12 Cal.App.5th 252, 311.) However, we decline to imply findings in this case for two, independent reasons.

First, the doctrine of implied findings is an appellate rule of waiver or forfeiture derived from Code of Civil Procedure section 634. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 ["The clear implication of [C.C.P. §634] . . . is that if a party does not bring . . . deficiencies to the trial court's attention, that party waives the right to claim on appeal that the statement was deficient . . . , and . . . the appellate court will imply findings to support the judgment,"]; see *Abdelquader v. Abraham* (2022) 76 Cal.App.5th 186, 197 [doctrine of implied findings applies "when parties waive a statement of decision expressly or by not requesting one in a timely manner"].) And a party may usually avoid the doctrine of implied findings by timely bringing any omission or ambiguity in a proposed statement of decision to the trial court's attention prior to entry of judgment. (*Ermoian*, *supra*, 152 Cal.App.4th at p. 494; Code Civ. Proc., § 634.)

But in this case, the trial court did not provide the parties with a proposed statement of decision to review or an opportunity to bring any deficiencies to its attention prior to entry of judgment. Instead, following issuance of the remittitur after the first appeal, the trial court filed a new statement of decision and immediately entered judgment. The new statement of decision was served on the parties the same date as

11

judgment was entered, depriving the parties of any opportunity to object or otherwise bring any omission or ambiguity to the trial court's attention.**4**  While the use of an alternative procedure for adoption of a statement of decision will not necessarily require reversal, "[i]f the trial court intend[s] to abrogate the parties' statutory rights to object to the court's statement of decision, the court should [make] this absolutely clear when it [seeks] the parties' approval of its proposed alternative procedure." (*Bay World Trading, Ltd. v. Nebraska Beef*, *Inc.* (2002) 101 Cal.App.4th 135, 140.)  And the record in this case does not suggest the trial court informed the parties of its intent to adopt a procedure that offered no opportunity to review or object to a new statement of decision.**5**

Appellate rules of waiver and forfeiture are not automatic and "[c]ompeting concerns may cause an appellate court to conclude that an objection has not been forfeited." (*People v. McCullough* (2013) 56 Cal.4th 589, 593.)  Appellate courts can invoke their discretion to review issues "when applicability of the forfeiture rule is uncertain or the [party] did not have a meaningful opportunity to object at trial." (*In re*

---

**4** Generally, the Rules of Court contemplate that a party will have at least 15 days to review and formally object to a proposed statement of decision and proposed judgment. (Rules of Court, rule 3.1590(g).)

**5** Instead, the record shows that after issuance of our remittitur in the first appeal, defendant moved to submit a new proposed statement of decision and the trial court denied that request.  While the record on appeal does not contain a transcript of proceedings or written order on the motion, a notice of ruling suggests that at the time of the hearing, the trial court informed the parties it would "issue a new statement and all parties can proceed in accordance with the provisions of the California Code of Civil Procedure regarding any objection thereto."  Thus, the only indication in the record is that the parties believed they would be given an opportunity to object to any new statement of decision before entry of judgment.

12

*Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.) To hold otherwise risks depriving a party of his or her due process rights. (*Antelope Valley Groundwater Cases*, *supra*, 62 Cal.App.5th at p. 1057 [generally due process will require reasonable notice and an opportunity to present objections]; *Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1072.) Because the record in this case shows that the parties were not given a meaningful opportunity to object or otherwise bring deficiencies in the statement of decision to the trial court's attention prior to entry of judgment, it would be inappropriate to conclude that plaintiff has waived its right to challenge deficiencies in the statement of decision on appeal and apply the doctrine of implied findings.

Second, even if the doctrine of implied findings applied, the doctrine is intended to address situations in which "factual findings are not expressly made," and the appellate court must "fill in the gap by presuming the missing finding was decided in favor of the prevailing party." (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 525; *Ermoian*, *supra*, 152 Cal.App.4th at p. 494 [The doctrine of implied findings applies "when the court's statement of decision is ambiguous or omits material factual findings."].) It is not intended to substitute different factual findings where the trial court has actually made express findings on a specific issue. (*L.Q. v. California Hospital Medical Center* (2021) 69 Cal.App.5th 1026, 1049 ["Where a written order clearly expresses the legal and factual basis for the trial court's resolution of controverted issues, an appellate court will not imply findings the trial court did not make."]; *Millbrae Asso. for Residential Survival v. City of Millbrae* (1968) 262 Cal.App.2d 222, 238 ["[W]e . . .

13

may only infer findings that result by necessary implication from the express findings that are made."]; *People v. Long* (2010) 189 Cal.App.4th 826, 848 [appellate court should not extend deference to the trial court's implied findings where "another stated reason, though pronounced 'legitimate' by the trial court, was demonstrably inaccurate"].)

As we have already explained, the statement of decision did not include an express finding of the Lessor's intent to waive any specific right that it held under the Lease, but the trial court *did* make express findings regarding the Lessor's intent. Specifically, the trial court expressly found that: Lessor intended to modify the rental provisions of the Lease; Lessor believed the Lease had been so modified; and Lessor did not enforce its rights under the Lease *because it had believed the Lease had been modified*. These express findings would be incompatible with an implied finding that Lessor intended to waive its rights under the Lease. This is because waiver implies " 'the intentional forbearance to enforce a right' . . . , and necessarily, therefore, assumes the existence of an opportunity for choice between the relinquishment and the enforcement of the right." (*Wienke v. Smith* (1918) 179 Cal. 220, 226; *Pitt v. Mallalieu* (1948) 85 Cal.App.2d 77, 85 [Waiver "implies 'the intentional forbearance to enforce a right.' "]; *Kay v. Kay* (1961) 188 Cal.App.2d 214, 218 [same]; *Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 475 [Waiver "requires an existing right, the waiving party's knowledge of that right, and the party's 'actual intention to relinquish the right.' "].) A party cannot intend to relinquish enforcement of a contractual right where it believes that it has no such right.

The trial court's express finding that Lessor believed it could not collect the full amount of rent provided in the written Lease because the Lease had been modified is

incompatible with the conclusion that Lessor waived—i.e. knew it had the right to enforce the Lease's rental provisions but intentionally decided to forego enforcement. Thus, even if we were to imply findings in this case, we could not imply the finding of intent necessary to support the application of the affirmative defense of waiver.

Because the trial court did not make a finding regarding the ultimate fact necessary to support the affirmative defense of waiver and because we cannot imply such a finding on appeal, the factual findings in the statement of decision are not sufficient to support a judgment in defendant's favor, and reversal is warranted. Given this conclusion, we need not consider the parties' respective arguments regarding whether substantial evidence in the record might support a finding that Lessor intended to waive any specific provision of the Lease, as such a finding was never made and cannot be implied. (*Alafi v. Cohen* (2024) 106 Cal.App.5th 46, 73 ["It makes no sense to evaluate the substantial evidence challenges . . . , when a new and different judgment may be entered."].)

B. *The Statement of Decision Misapplied the Defense of Waiver*

Even if the necessary finding of an intent to waive had been properly made or could be implied, we would respectfully conclude that reversal is required because the statement of decision applied the defense of waiver in a legally impermissible manner. The trial court's application of the law to the facts is an issue we review de novo. (*Orange County Water Dist. v. Alcoa Global Fasteners*, *Inc.* (2017) 12 Cal.App.5th 252, 313.) Here, the trial court's statement of decision draws the legal conclusion that the defense of waiver applied because "the agreement for a new rental amount was agreed to

for the balance of the term by LESSOR's successors and it waived any right to otherwise enforce the original written lease" and "waived . . . the legal right to collect rent at the higher amount or any amount in excess of $5,500 . . . for the balance of the lease term." As we explain, this application of the defense of waiver is problematic for two, independent reasons.

First, "[t]he doctrine [of waiver] operates defensively only. In other words, it protects a party from unfair advantage sought by another. It is not designed to permit a person, offensively, to thereby obtain unfair advantage." (*Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64, 77.) Thus, it cannot be used as a means to modify a contract's terms in order to impose new or different obligations. (See *R&B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 352 [The doctrine of waiver cannot be used "to create an otherwise nonexistent written contract."]; *Conner v. Union Auto. Ins. Co.* (1932) 122 Cal.App. 105, 110 [Waiver cannot be used as a means to reform a contract to conditions not included in original contract.]; *Wind Dancer Production Group*, *supra*, 10 Cal.App.5th at pp. 80-81 [doctrine of waiver can apply to specific present obligations but does not create a " 'standing agreement' " to modify contract with respect to future obligations].) Thus, because the doctrine of waiver is the intentional forbearance to enforce a right, it could only operate to preclude Lessor's enforcement of its right to collect the full amount of rent specified in the Lease. The defense cannot effectively rewrite the terms of the Lease to substitute a new and different

obligation upon defendant to pay $5,500 a month as the trial court apparently concluded in its statement of decision.[6]

Second, California authorities have repeatedly explained that, in the context of lease agreements, "waiver of a particular breach of the covenant to pay rent, or of any other continuing covenant, does not waive subsequent similar breaches." (*Budaeff v. Huber* (1961) 194 Cal.App.2d 12, 20; *Powell v. Cannon* (1953) 119 Cal.App.2d 748, 752 [even where lessor waives right to enforce forfeiture of lease after acceptance of late and deferred rent payments over a long period of time, lessor may give notice of intent to enforce strict performance of future payments after giving notice]; *Keating v. Preston* (1940) 42 Cal.App.2d 110, 121 [even where waiver has occurred, "[t]his does not mean that the lease might not be forfeited by a subsequent similar breach after the waiver occurred."]; *Jones v. Maria* (1920) 48 Cal.App. 171, 174-175 ["[T]he waiver will discharge any forfeiture occurring previously thereto," but "the waiver of the breach of a continuing covenant will not preclude the landlord from taking advantage of a cause of forfeiture that occurs subsequently to such waiver."].) As these authorities explain, the doctrine of waiver cannot be relied upon to conclude that a purported waiver of a lease

---

[6] Instead " 'the substitution of a new obligation between the same parties, with intent to extinguish the old obligation,' " is analyzed under the doctrine of novation. (Civ. Code, § 1531; *Goodman v. Citizens Life & Casualty Ins. Co.* (1967) 253 Cal.App.2d 807, 816.) In fact, in moving to submit a new proposed statement of decision for the trial court's consideration, defendant argued that the equitable defense of novation and not waiver was most applicable under Civil Code section 1698, subdivision (d). However, the trial court did not analyze the evidence or make factual findings under the legal principles applicable to novation and, as such, we have no occasion to consider whether the evidence would support such a conclusion in this appeal.

17

term extends prospectively "for the balance of the term." Instead, Lessor's words and actions at any given time are indicia of its intent at that time with respect to past defaults and cannot be relied upon as a basis to find an intent to "waive" a future default that has yet to occur.[7]

Thus, even if the necessary factual finding of intent to waive had been made and such finding was supported by substantial evidence, reversal would still be required. The defense of waiver cannot be applied to effectuate a new, ongoing obligation in a written lease in the manner suggested by the trial court's statement of decision. And, at a minimum, reversal would be required for the trial court to reconsider the proper extent to which the defense of waiver could be applied with a correct understanding of the legal limitations of the defense.

C. *Remand Is Appropriate and Resolution of the Remaining Issues Unnecessary*

Plaintiff contends that, "[g]iven the trial court's inability to establish the alleged modification should be enforced, after two attempts and extensive briefing, this court

---

[7] Nor can we interpret the trial court's use of the term "waiver" as an improvident reference to other equitable doctrines that might operate prospectively. It is true that "the distinctions between waiver, estoppel, and forfeiture can be significant" but "the terms are not always used with care." (*Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 476; see *DRG/Beverly Hills, Ltd. V. Chopstix Dim Sum Café & Takeout III, Ltd.* (1994) 30 Cal.App.4th 54, 59 ["The terms 'waiver' and 'estoppel' are sometimes used indiscriminately," but "[t]hey are two distinct and different doctrines that rest upon different legal principles."].) Nevertheless, the trial court's statement of decision in this case expressly purported to apply the doctrine of waiver as the sole basis to issue judgment in favor of defendant, citing specifically to legal authorities dealing with the doctrine of waiver. Nothing in the statement of decision analyzes the substantive elements necessary to support a different equitable defense. Thus, there can be no doubt that the trial court was attempting to apply the defense of waiver and not merely erroneously using the term "waiver" interchangeably with some other equitable doctrine.

should reverse the judgment and direct the trial court to award [plaintiff] the unpaid rent which he demanded, as well as interest on said rent."  We disagree.

Normally, the proper remedy when a statement of decision fails to make sufficient factual findings to support the judgment is to remand for reconsideration of the cause and issuance of a new statement of decision.  (*Duff v. Duff* (1967) 256 Cal.App.2d 781, 785 ["Written findings are required on all material issues raised by the pleadings and evidence, unless they are waived, and if the trial court renders judgment without making findings on all material issues, the case must be reversed on appeal."]; see *Morgan v. International Aviation Underwriters*, *Inc.* (1967) 250 Cal.App.2d 176, 181; *Alafi v. Cohen*, *supra*, 106 Cal.App.5th at pp. 71-72.)

Likewise, where a statement of decision suggests the trial court applied incorrect legal principles in reaching its decision, the correct remedy is to reverse and remand with directions to reconsider.  (*Central Valley General Hospital v. Smith* (2008) 162 Cal.App.4th 501, 532 [When a statement of decision is ambiguous as to the legal basis for the decision, the proper remedy is to reverse and remand for further proceedings.]; *Rodriguez v. City of Santa Cruz* (2014) 227 Cal.App.4th 1443, 1454 [trial court's application of incorrect standard of review requires remand for new statement of decision]; *In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 534, 546 [trial court's incorrect application of statute and allocation of burden of proof required remand for new statement of decision]; *TRC Operating Co*., *Inc. v. Chevron USA, Inc.* (2024) 102 Cal.App.5th 1040, 1079-1080 [Normally, when there is legal error in the trial court's

19

evaluation of the case, it is "the preferred course" for the issue to be "remanded to the trial court for redetermination based on a correct understanding of the law."].))

Plaintiff has cited no authority for the proposition that the proper remedy is for this court to make factual findings in the first instance and direct entry of judgment. More importantly, the register of actions reveals that both parties submitted proposed statements of decision for the trial court's consideration, but plaintiff did not include these documents as part of the record on appeal. Thus, it is possible the parties' requested resolution of additional disputed issues that the trial court declined to resolve after erroneously concluding that the affirmative defense of waiver was sufficient to issue a judgment in favor of defendant. If so, the trial court should have an opportunity to consider these matters in the first instance when issuing a new statement of decision and the parties should have an opportunity to object to any proposed statement of decision resolving these issues. Given this procedural posture, it would be premature for this court to determine in this appeal that plaintiff is entitled to judgment or an award of damages in any specific amount.

Because we conclude that the judgment must be reversed, the award of costs must be vacated. (*Yaffee v. Skeen* (2024) 106 Cal.App.5th 1281, 1322 ["A reversal of a judgment 'necessarily compels the reversal of the award of . . . costs . . . based on the judgment.' "]; *Ducoing Management*, *Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314 ["A disposition that reverses a judgment automatically vacates the costs award in the underlying judgment . . . ."].) As such, we need not address the parties' arguments regarding the propriety of the cost award in this appeal.

20

## IV. DISPOSITION

The judgment is reversed, and the trial court's statement of decision is vacated. The matter is remanded to the trial court with directions to reevaluate the evidence, prepare a new statement of decision that adequately reveals the factual and legal bases for its conclusions, and issue a new statement of decision in accordance with the procedures set forth in Rules of Court, rule 3.1590. Upon remand, the trial court is not bound by any factual findings it previously made in its prior statements of decision but may reexamine the entire cause anew. Appellant to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


RAMIREZ
P. J.


McKINSTER
J.

21